## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| KYLE FELDMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STAR TRIBUNE MEDIA COMPANY LLC,<br><br>Defendant. | File No. 0:22-cv-01731-ECT-TNL<br><br>**DEFENDANT STAR TRIBUNE MEDIA COMPANY LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Star Tribune Media Company LLC ("Star Tribune") denies each allegation in Plaintiff's Class Action Complaint ("Complaint"), and each part or portion thereof, except as hereinafter expressly admitted or qualified, and further answers as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff, on behalf of himself and all others similarly situated, brings this class action in relation to Defendant's disclosure of Plaintiff's personally identifiable information ("PII") without Plaintiff's consent.

**<u>ANSWER:</u>** The Star Tribune admits that Plaintiff purports to bring a class action, but otherwise denies the allegations contained in Paragraph 1, and specifically denies the notion that this case is suitable for class-wide treatment.

2.      Plaintiff is a subscriber of Defendant's website, startribune.com (the "Website"), which offers, *inter alia*, a wide array of video content.

**ANSWER:**  The Star Tribune admits that Plaintiff is a subscriber of the Star Tribune, that this subscription allows Plaintiff to access content on startribune.com, and that startribune.com sometimes includes video content in connection with written articles, though the video content is sometimes on the same page, and sometimes on different web pages, as the written articles. The Star Tribune denies the remaining allegations in Paragraph 2.

3.      When Plaintiff watched videos on Defendant's Website, Plaintiff's PII was shared with Facebook without notifying Plaintiff and without his consent.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief as to the truth of whether Plaintiff himself has watched videos on startribune.com, and therefore denies that part of Paragraph 3. Further, because the "cookies" discussed in the Complaint are third-party cookies, the Star Tribune lacks information sufficient to form a belief as to the truth of whether any of Plaintiff's "PII" is shared with Facebook. The Star Tribune denies the remaining allegations in Paragraph 3.

4.      Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710 (the "VPPA") each time it knowingly disclosed Plaintiff's PII to Facebook without consent.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 4.

2

5.     Defendant is liable to Plaintiff and the Class for statutory damages in an amount not less than $2,500 for each disclosure of PII, punitive damages, attorneys' fees and costs.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 5.

## PARTIES

6.     Plaintiff Kyle Feldman is an individual that is over 18 years old and a citizen of the State of Minnesota. Mr. Feldman is a subscriber of Defendant's Website and watched videos on the Website.

**ANSWER:** The Star Tribune admits that Plaintiff is a subscriber of the Star Tribune and that this subscription allows Plaintiff to access content on startribune.com. The Star Tribune lacks information sufficient to form a belief as to Plaintiff's age and citizenship, and therefore denies those allegations. The Star Tribune also lacks information sufficient to form a belief as to the truth of whether Plaintiff himself has watched videos on startribune.com, and therefore denies that allegation.

7.     Defendant Star Tribune Media Company LLC is a Delaware corporation with its principal place of business at 650 3rd Ave S, suite 1300, Minneapolis, Minnesota 55488. Defendant developed, maintains, owns, and/or operates the Website.

**ANSWER:**  The Star Tribune admits the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA jurisdiction is appropriate because there is diversity in citizenship between the parties, there are 100 or more Class Members, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 8.

9.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under a law of the United States, namely the VPPA.

**ANSWER:** The Star Tribune admits the allegation in Paragraph 9.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of Minnesota, its principal place of business is Minnesota, and much of the violative conduct complained of herein originated or occurred in this District.

**ANSWER:** The Star Tribune admits that the case is properly venued in this Judicial District. It denies the remainder of the allegations in Paragraph 10, including that there was any conduct that violated the VPPA.

11.      Further, Defendant's Terms of Use specify jurisdiction and venue as the federal and state courts of Minnesota.[1]

---

[1] https://www.startribune.com/startribune-com-terms-of-use/217991401/?refresh=true (accessed June 30, 2022); see clause 16.

4

**ANSWER:** The Star Tribune admits the allegations in Paragraph 11.

## GENERAL ALLEGATIONS

### Defendant's Website and Facebook Pixel

12.     Defendant is a media publisher that developed, owns, and/or operates the Website, startribune.com, which receives millions of visits per year.

**ANSWER:**  The Star Tribune admits that it operates startribune.com and that startribune.com receives a significant number of unique visits per year. The Star Tribune denies the remaining allegations in Paragraph 12.

13.     In addition to written articles, the Website provides a wide array of video content.

**ANSWER:** The Star Tribune admits that startribune.com sometimes includes video content. The Star Tribune denies the remaining allegations in Paragraph 13.

14.     Defendant has over 100,000 subscribers who, *inter alia*, watch videos on the Website.

**ANSWER:** The Star Tribune admits that it has over 100,000 subscribers. The Star Tribune denies the remaining allegations in Paragraph 14.

15.     To become a subscriber, individuals create a profile using their Facebook account and/or by providing other PII, such as their name, address, phone number, and email address.

**ANSWER:** The Star Tribune admits that there are several ways an individual can become a Star Tribune subscriber, and that the subscription sign-up process generally requires providing the Star Tribune certain contact information. The Star Tribune denies the remaining allegations in Paragraph 15.

16.     Facebook "require[s] people to connect on Facebook using the name that they go by in everyday life",[2] such that a person can be personally identified by their Facebook account.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies those allegations.

17.     When someone creates a Facebook account, a corresponding Facebook ID ("**FID**") is also created.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies those allegations.

18.     FIDs are uniquely associated with particular Facebook accounts, such that an FID can be used to identify and view the associated Facebook profile. Accordingly, FIDs are PII.

---

[2] https://transparency.fb.com/en-gb/policies/community-standards/account-integrity-and-authentic-identity/ (accessed June 30, 2022).

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies those allegations. The Star Tribune also denies that Facebook IDs are PII, as defined at 28 U.S.C. § 2710(a)(3).

19.    When someone becomes a subscriber to Defendant's Website, they receive recurring emails from Defendant with links to articles and videos published to the Website.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 19.

20.    Defendant monetizes its Website by, among other things, knowingly collecting and disclosing its subscribers' PII to Facebook, including data that personally identifies subscribers and the videos they view.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 20.

21.    Defendant's Website uses a code analytics tool called "Facebook Pixel", which was implemented at the discretion of Defendant.

**ANSWER:** The Star Tribune admits that certain portions of startribune.com contain what is known to some as "the Facebook Pixel," implemented at the Star Tribune's discretion. The Star Tribune denies the remaining allegations in paragraph 21.

22.    Facebook Pixel tracks the actions of Website visitors (subscribers), such as the pages a visitor views and the content they view.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies those allegations.

23.    When someone watches a video on Defendant's Website, the video name and the viewer's FID are simultaneously sent to Facebook via Facebook Pixel.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies those allegations.

24.    For example, this occurs when someone visits Defendant's Website and clicks on the article, "NASA administration downplays Russian comments", which includes a video:



**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 24, including whether Plaintiff himself watched the video embedded within the cited article, and therefore denies those allegations.

25.     Once a visitor clicks on this article, the video name and viewer's FID, which is represented by the "c_user" cookie, are sent to Facebook:

```
:authority: www.facebook.com
:method: GET
:path: /tr/?id=1685197625068892&ev=PageView&dl=https%3A%2F%2Fvideo.startribune.com%2Fnasa-administrator-downplays-russian
-comments%2F600157399%2F&rl=https%3A%2F%2Fvideo.startribune.com%2F&if=false&ts=1647884244961&sw=1536&sh=864&v=2.9.57&r=s
table&ec=0&o=30&fbp=fb.1.1647876253095.317298121&it=1647884243174&coo=false&rqm=GET&dt=mc2f0chukab5qi3yfjqig5ydo5y4gd5
i
:scheme: https
accept: image/avif,image/webp,image/apng,image/svg+xml,image/*,*/*;q=0.8
accept-encoding: gzip, deflate, br
accept-language: en-US,en;q=0.9,he-IL;q=0.8,he;q=0.7
cookie: sb=1EIzYqp8fe30Zx1mHulpCV9M; datr=1EIzYj-T6CIT1w5Vlg8BN-wF; locale=en_US; c_user=100065521720000  usida=eyJ2ZXIiO
jEsImlkIjoiQXI5M2M3ZTh2dmlreCIsInRpbWUiOjE2NDc4NTkwODQ5; dpr=1.25; xs=22%3AmMawU85k5o_gLQ%3A2%3A1647526674%3A-1%3A15115%
3A%3AAcVEmUEmn-aSWO8tf-pMtYOcdNpBt40-bbB5Vv_swA; fr=088nRGbUCCeXinC79.AWVdekdeNwBBTgXeZZPuzRV7GxE.BiOKkH.Qm.AAA.0.0.BiOK
kH.AWV_3Hi6FTo
referer: https://video.startribune.com/
sec-ch-ua: " Not A;Brand";v="99", "Chromium";v="99", "Google Chrome";v="99"
sec-ch-ua-mobile: ?0
sec-ch-ua-platform: "Windows"
sec-fetch-dest: image
sec-fetch-mode: no-cors
sec-fetch-site: cross-site
user-agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/99.0.4844.51 Safari/5
```

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore denies those allegations.

26.     The "PageView" component of Facebook Pixel discloses to Facebook the URL that a viewer has accessed (e.g. "video.startribune.com%2:nasa-administrator-downplays-russian-comments").

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies those allegations.

27.     With the PageView data, someone can simply enter that URL into a browser and they will know what video a person accessed/watched.

**ANSWER:**  The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore denies those allegations. The Star Tribune also denies that entering a URL into a browser allows one to determine whether a user "accessed/watched" a specific video, as opposed to merely read an article containing an embedded video.

28.     The "c_user" cookie that is transmitted by Facebook Pixel contains a viewer's unencrypted FID.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 28, and therefore denies those allegations.

29.     A Facebook profile can be easily identified and viewed by appending an FID to the end of "Facebook.com", such that a person can be identified by their FID.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies those allegations.

30.     When PageView data and an FID are simultaneously disclosed, the video material accessed by a specific individual can be determined.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 30.

31.     Defendant knew that PageView data and FIDs are simultaneously disclosed by Facebook Pixel.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 31.

32.     Defendant also knew that such data in combination identifies subscribers and the videos they watched.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 32.

33.     Defendant did not obtain the consent of Website visitors to disclose their PII or the video content they view.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 33.

34.     Visitors to Defendant's Website are not given an opportunity to withdraw from or prohibit the disclosure of their PII or the video content they view.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 34. The Star Tribune further states that it believes that this allegation does not comport with Rule 11 because the Star Tribune's Privacy Policy specifically explains how to modify browser settings to avoid sharing of cookies.

35.     The disclosure of visitors' PII and/or the video content they view is not incident to the ordinary course of business of Defendant (i.e. it is not for debt collection, order fulfillment, request processing, or the transfer of ownership).

**ANSWER:** The Star Tribune denies the allegations in Paragraph 35.

36.     The surreptitious disclosure of PII paired with the name of video content an individual views is an outrageous invasion of privacy and would be offensive to a reasonable person.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 36.

### The Video Privacy Protection Act

37.     In recognition of the outrageous nature of such invasions, Congress passed the VPPA so that individuals can "maintain control over personal information divulged and generated in exchange for receiving services from video tape service providers." S. Rep. No. 100-599, pg. 8.

**ANSWER:** The Star Tribune admits that the allegations in Paragraph 37 purport to quote a United States Senate Report, but denies that the quotation accurately or fully characterizes that Report. The Star Tribune denies any remaining allegations in Paragraph 37.

38.     The VPPA provides that a "video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person for the relief provided in subsection (d)." 18 U.S.C. § 2710(b)(1).

**ANSWER:**  The Star Tribune admits that the allegations in Paragraph 38 purport to quote the VPPA, but denies that the quotation accurately or fully characterizes that statute. The Star Tribune denies any remaining allegations in Paragraph 38.

39.     Under the VPPA, "the term 'video tape service provider' means any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials…" 18 U.S.C. § 2710(a)(4).

**ANSWER:** The Star Tribune admits that the allegations in Paragraph 39 purport to quote the VPPA, but denies that the quotation accurately or fully characterizes that statute. The Star Tribune denies any remaining allegations in Paragraph 39.

40.     An entity that provides videos via streaming is a video tape service provider under the VPPA.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 40.

41.     Under the VPPA, "the term 'consumer' means any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1).

**ANSWER:** The Star Tribune admits that the allegations in Paragraph 41 purport to quote the VPPA, but denies that the quotation accurately or fully characterizes that statute. The Star Tribune denies any remaining allegations in Paragraph 41.

42.     Under the VPPA, "the term 'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3).

**ANSWER:** The Star Tribune admits that the allegations in Paragraph 42 purport to quote the VPPA, but denies that the quotation accurately or fully characterizes that statute. The Star Tribune denies any remaining allegations in Paragraph 42.

43.     Where a video tape service provider knowingly discloses the PII of a consumer without consent, the aggrieved person may bring a civil action for, *inter alia*, statutory damages in an amount not less than $2,500, punitive damages, attorneys' fees and costs. 18 U.S.C. § 2710(c)(2)(A)-(D).

**ANSWER:** The Star Tribune admits that the allegations in Paragraph 43 purport to characterize the VPPA, but denies that the allegations accurately or fully characterize that statute. The Star Tribune denies any remaining allegations in Paragraph 43, including that it is subject to any liability under the statute.

## PLAINTIFF/PROPOSED CLASS REPRESENTATIVE

44.     Plaintiff has had a Facebook account since 2009, which he is perpetually logged into.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 44, and therefore denies those allegations.

45.     Plaintiff has been a subscriber of Defendant since January 2011.

**ANSWER:** The Star Tribune admits the allegations in Paragraph 45.

46.     To become a subscriber of Defendant, Plaintiff provided Defendant with his name, Facebook account, and/or email address.

**ANSWER:** The Star Tribune admits that as part of the Star Tribune subscription process, Plaintiff provided the Star Tribune with his name and email address. The Star Tribune denies any remaining allegations in Paragraph 46, including the allegation that Plaintiff ever provided the Star Tribune with his Facebook account information or Facebook ID.

47.     Plaintiff's Facebook profile and his email address contain his name, whereby Plaintiff can be personally identified by that information.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief about the truth of the allegations in Paragraph 47, and therefore denies those allegations.

48.     Since becoming a subscriber, Plaintiff has regularly watched videos on Defendant's Website using the same device and/or browser in which he is logged into his Facebook account.

**ANSWER:** The Star Tribune lacks information sufficient to form a belief as to the truth of whether Plaintiff himself has watched videos on the Star Tribune website, and therefore denies those allegations. The Star Tribune denies any remaining allegations in Paragraph 48.

49.     Each time Plaintiff watched a video on the Website, Defendant simultaneously disclosed Plaintiff's FID and the name of the video/content that he viewed to Facebook via Facebook Pixel.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 49.

50.     This paired information personally identifies Plaintiff and the video material that he requested, obtained, accessed, and/or watched on Defendant's Website.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 50.

51.     Plaintiff did not consent to the disclosure of his PII, in writing or otherwise, and Defendant did not attempt to obtain Plaintiff's consent in a form separate and distinct from other legal obligations.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 51.

52.     Defendant did not provide Plaintiff with an opportunity to withdraw from the disclosure of his PII.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 52.

53.     Defendant's disclosure of Plaintiff's PII was not related to an ordinary course of business (e.g. debt collection, order fulfillment, request processing, or any transfer of ownership).

**ANSWER:** The Star Tribune denies the allegations in Paragraph 53.

## CLASS ALLEGATIONS

### A.  Definition of the Class

54.     Plaintiff brings this action individually and on behalf of all persons that the Court may determine appropriate for class certification, pursuant to Fed. R. Civ. P. 23 (the "**Class**" or "**Class Members**"). Plaintiff seeks to represent a Class of persons preliminarily defined as:

> **All persons in the United States who have a Facebook account, subscribed to startribune.com, and watched one or more videos on that Website.**

This definition is subject to modification as discovery discloses further information. Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

**ANSWER:** The Star Tribune admits that Plaintiff purports to bring a class action, but otherwise denies the allegations in Paragraph 54, including that class certification is appropriate in this action.

55.     This case is properly maintainable as a class action pursuant to and in accordance with Fed. R. Civ. P. 23 in that:

a) The Class, which includes thousands of members, is so numerous that joinder of all Class Members is impracticable;

b) There are substantial questions of law and fact common to the Class, including those set forth in greater particularity herein;

c) Questions of law and fact, such as those enumerated below, which are common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d) The claims of the representative party are typical of the claims of the Class;

e) A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

f) The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

g) The prosecution of separate lawsuits by Class Members would risk inconsistent or varying adjudications. Class-wide adjudication of these claims is, therefore, appropriate.

h) There are no unusual difficulties foreseen in the management of this class action; and

i) Plaintiff, whose claims are typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 55.

## B. Numerosity

56.    There are thousands of individuals who are subscribers of Defendant and have watched videos on Defendant's Website. Accordingly, the Class Members are so numerous that joinder of all parties is clearly impracticable.

**ANSWER:** The Star Tribune admits that it has thousands of subscribers. It denies the remaining allegations in Paragraph 56.

## C.  Commonality

57.    Numerous common questions of law and fact predominate over any

questions affecting individual Class Members including, but not limited to, the following:

a)  Whether Defendant collected PII of Class Members who visited its Website;

b)  Whether Defendant disclosed PII of Class Members who watched videos on its Website;

c)  Whether Defendant's disclosure was made knowingly;

d)  The nature and extent of PII disclosed;

e)  How PII was disclosed and to whom;

f)  Whether Defendant's Website obtains informed written consent before disclosing PII of subscribers;

g)  Whether Defendant's Website provides a clear and conspicuous opportunity for  subscribers to withdraw from disclosures on a case-by-case basis; and

h)  Whether the disclosures of Class Members PII warrants punitive damages.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 57.

## D.  Typicality

58.    Plaintiff has the same interests in this matter as all other members of the

Class and his claims are typical of the claims of all members of the Class. If brought

and prosecuted individually, the claims of each Class Member would require proof of

substantially the same material and substantive facts, utilize the same complex

evidence (e.g. expert testimony), rely upon the same legal theories, and seek the same

type of relief.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 58.

59.     The claims of the Plaintiff and other Class Members have a common cause and their damages are of the same type. The claims originate from the synonymous disclosure of PII by Defendant without consent.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 59.

60.     All Class Members have been aggrieved by Defendant's disclosure of their PII without consent and are entitled to, *inter alia*, statutory damages.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 60.

**E.  Adequacy of Representation**

61.     Plaintiff's claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class' claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff will fairly and adequately represent the interests of the Class and he does not have interests adverse to the Class.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 61.

62.     Plaintiff has retained the services of counsel who are experienced in complex class action litigation. Plaintiff's counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent the Plaintiff and all absent Class Members.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 62.

### F. Class Treatment is the Superior Method of Adjudication

63.     A class action is superior to other methods for the fair and efficient

adjudication of the controversies raised in this Complaint because:

a) Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b) Individual claims by Class Members would create a risk of inconsistent or varying adjudications, which would present the Defendant with incompatible standards of conduct;

c) Individual claims by individual Class Members would create a risk of adjudications which would, as a practical matter, be dispositive of the interests of other individuals who are not parties to the adjudications, or substantially impair or impede their ability to protect and pursue their interests;

d) Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

e) In view of the complexity of the issues and the expenses of litigation, the separate claims of individual Class Members are likely insufficient in amount to support the costs of filing and litigating separate actions;

f) The Plaintiff seeks relief relating to the Defendant's common actions and the equitable relief sought would commonly benefit the Class as a whole;

g) The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

h) The proposed class action is manageable.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 63.

## CAUSE OF ACTION I

## VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT,
### 18 U.S.C. § 2710

64.     Plaintiff restates all allegations of this Complaint as if fully restated herein.

**ANSWER:** The Star Tribune restates all its responses to the preceding allegations of the Complaint as if fully restated herein.

65.     Defendant, through its Website, is engaged in the business of delivering audio visual materials (e.g. videos) to the Plaintiff and Class in multiple states and across state borders, thus Defendant is a "video tape service provider" under the VPPA.

**ANSWER:**  The Star Tribune denies the allegations in Paragraph 65.

66.     The Plaintiff and Class are consumers under the VPPA because they are subscribers of Defendant, a video tape service provider, and have watched videos on Defendant's Website.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 66.

67.     When the Plaintiff and Class Members watched videos on Defendant's Website, Defendant knowingly disclosed their FIDs and the name of the video/content that they viewed to Facebook via Facebook Pixel.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 67.

68.     The disclosed information is PII because Facebook and anyone with access to that information can personally identify the Plaintiff and Class Members, as well as the video content that each of those respective individuals viewed.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 68.

69.     The Plaintiff and Class did not consent to Defendant disclosing their PII.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 69.

70.     Defendant did not provide an opportunity for the Plaintiff and Class to withdraw from the disclosure of their PII.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 70.

71.     Defendant's disclosure of the Plaintiff's and Class' PII was not in the ordinary course of business.

**ANSWER:** The Star Tribune denies the allegations in Paragraph 71.

72.     Defendant is liable to the Plaintiff and Class for statutory damages of not less than $2,500 for each disclosure of their PII, punitive damages, attorneys' fees and costs.

**ANSWER:**  The Star Tribune denies the allegations in Paragraph 72.

## <u>AFFIRMATIVE DEFENSES</u>

The Star Tribune has insufficient information upon which to form a belief as to whether there may be additional affirmative defenses available, and therefore the Star Tribune reserves the right to assert such additional defenses based upon subsequently acquired information that becomes available through discovery or otherwise. The Star Tribune states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff.

1.      Plaintiff's claim is barred by the VPPA consent safe harbor set forth at 28 U.S.C. § 2710(b)(2)(B).

2.      The VPPA violates the First Amendment of the U.S. Constitution, including by "abridg[ing] the freedom of speech, or of the press" when applied to a news organization like the Star Tribune.

3.      Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, ratification, and/or unclean hands.

4.      Plaintiff has failed to mitigate damages, if any occurred.

Accordingly, the Star Tribune respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice, award the Star Tribune its costs and expenses, and award the Star Tribune such other and further relief as may appear just and proper.

Dated: March 21, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

 /s/ Jeffrey P. Justman
Jeffrey P. Justman (#390413)
Anderson C. Tuggle (#0400277)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
jeff.justman@faegredrinker.com
anderson.tuggle@faegredrinker.com

*Attorneys for Defendant Star Tribune Media Company LLC*