UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KYLE FELDMAN, on behalf of himself and all others similarly situated,<br><br>      Plaintiff<br><br>v<br><br>STAR TRIBUNE MEDIA COMPANY, LLC,<br><br>      Defendant | File No. 0:22-cv-01731-ECT-TNL |

**RULE 26(f) REPORT OF THE PARTIES**

**1. Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

a. The date and place at which the meeting was held;

> Counsel for the parties met and conferred by telephone on April 28, 2023 and continued the meeting by exchanging drafts and correspondence thereafter.

b. Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting;

> Plaintiff Kyle Feldman is an individual and resident of Minneapolis, MN, and was represented and can be reached through counsel Nicholas A. Coulson, 975 E. Jefferson Ave., Detroit, MI 48207. Defendant Star Tribune Media Company is a Delaware corporation based in Minneapolis, MN and can be reached through its counsel Jeffrey P. Justman of Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402.

c. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

> The Star Tribune is insured by CNA Insurance.

1

    d. An agenda of matters to be discussed at the Pretrial Conference.

        The parties anticipate discussing the nature and extent of required party and non-party discovery; whether this case warrants phased discovery; the timeline for briefing Plaintiff's anticipated class certification motion; and the prospects of and limitations on settlement.

**2. Description of the case**

a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

        The Court has jurisdiction over the case under 28 U.S.C. § 1331 because it arises under a law of the United States, namely the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.*

b. In diversity cases in which a limited liability corporation or partnership entity is a named party, the concise statement shall contain a brief description of the availability of diversity jurisdiction, including a list of all members and the citizenship of each member of the limited liability corporation or a list of all partners and the citizenship of all partners of the partnership entity, consistent with the Federal Rules of Civil Procedure and the Local Rules;

        Not applicable.

c. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

        **Plaintiff's Statement**: Plaintiff alleges that Defendant violated the Video Privacy Protection Act ("VPPA") by embedding a tracker called Meta Pixel into its website, causing personally identifiable information, including the names of video material Plaintiff watched on Defendant's website, to be shared with Meta/Facebook. Contrary to Defendant's protestations, the Court has determined that Plaintiff's Complaint (which is well-supported) states a claim under the VPPA.

        **Defendant's Statement:** Plaintiff's case is part of a sea of copycat lawsuits being filed across the country against any company that shows videos on its website and uses Meta Pixel, a common internet technology. The lawsuits rest on a 40-year old statute called the Video Privacy Protection Act (VPPA). Congress enacted the VPPA to stop video-rental companies from disclosing to third parties their customers' video-watching activity. Plaintiffs claim that companies are violating the VPPA because Meta Pixel allegedly causes a string of "personally identifiable" computer code (called a "cookie") to be sent to Facebook each time a user watches

2

> a video on the company's website while also logged into their Facebook account. Although district courts have been allowing these claims past the motion to dismiss stage, no court has certified a VPPA class under this theory. Nor has a court allowed such a claim past summary judgment.
>
> Here, Plaintiff's claim will fail at both the class-certification and summary judgment stages. It will fail at class certification because Plaintiff's class cannot be ascertained through objective records and because individual issues regarding subscriber Facebook usage and browser activity plainly predominate over common issues. And it will fail at summary judgment because Meta Pixel does not allow Facebook to "identify" the "specific" video materials watched by Plaintiff; because the Star Tribune did not "knowingly" violate the statute; because Plaintiff consented to the Star Tribune's use of Meta Pixel; and because Plaintiff's lawsuit violates the First Amendment as applied to a news organization like the Star Tribune.

d. A summary itemization of the dollar amount of each element of the alleged damages.

> **Plaintiff's Statement:** Plaintiff and the putative class seek statutory damages of $2,500 per violation.
>
> **Defendant's Statement:** Defendant disagrees that Plaintiff is entitled to damages on either an individual or class-wide basis. Whether to award damages is discretionary (the court "may" award damages, see 18 U.S.C. § 2710(c)(2)(A)), and a plaintiff must still prove she or he suffered "actual damages."

### 3. Pleadings

a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

> The Complaint and all responsive pleadings have been filed, and no party anticipates amending its pleadings at this time.

b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

> June 1, 2023.

c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

> A jury trial is available and has been demanded by Plaintiff.

**4. Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as production of electronically stored information (ESI), focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay. Such a plan, at a minimum, shall include the following:

a. The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

> Initial disclosures shall be made by June 9, 2023.

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

> The parties are in the process of exchanging information to determine whether an early mediation might be productive prior to the commencement of formal discovery. The parties will describe in their separately served confidential mediation letters whether they believe early mediation will be fruitful.

c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

> **Plaintiff's Statement:** Plaintiff proposes that discovery not be phased or limited. The likely overlap between class certification and merits issues renders Defendant's proposal impracticable. The records of Defendant's transmission of Plaintiff's PII will be stored in the same location and manner as those of all other class members, rendering bifurcation inappropriate. Further, Defendant's proposal is self-defeating. It claims that unrestricted discovery will reveal the presence of individualized issues, which while inaccurate demonstrates that such discovery is necessary to the class certification analysis in the first instance.

> **Defendant's Statement:** Defendant believes that discovery in this case should proceed in two stages: (1) an initial stage limited to class certification discovery, plus the merits of Plaintiff's individual claim; and (2) only if a class is certified, a second stage devoted to discovery of the merits of all class members' VPPA claims. This structured is authorized by Fed. R. Civ. P. 23, supported by the decisions of this Court and other courts, and is the most sensible, efficient way to manage this particular case. *See, e.g.*, *Palm v. Rock Bottom Restaurants, Inc.*, No 11-cv-01749 (D. Minn.), Dkt. 42, 49 (Leung, M.J.) (permitting bifurcated discovery in analogous situation, over the plaintiff's objection); *EEOC v. PMT Corp.*, 124 F. Supp. 3d 904, 911-12 (D. Minn. 2015) (Leung, M.J.) (similar); *see also, e.g.*, *In re Zurn Pex*

*Plumbing Prod. Liability Litig.*, 2008 WL 5104173, at *1 (D. Minn. Nov. 26, 2008); *Dominquez v. Minnesota Beef Indus., Inc.*, 2007 WL 2422837, at *2 n.4 (D. Minn. Aug. 21, 2007); *Mitchell v. Franklin Bank, S.S.B.*, 2006 WL 1132408, at *1 (D. Minn. Mar. 15, 2006); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002).

In particular, Defendant believes that discovery should be limited to class certification and Plaintiff's individual claim, because otherwise the parties would have to interview, and potentially forensically examine the computer of, every subscriber who has watched a video on startribune.com during the class period. The parties would need to do this to determine if the subscriber was logged into Facebook at the same time they watched a video on startribune.com, on the same internet browser, with third-party cookie sharing settings turned "on." (All of these are prerequisites to proving liability.) This would be extraordinarily expensive and time consuming. Given that these individualized issues will almost certainly prevent a class from being certified in the first place, the Court should order this extended discovery only if a class is certified.

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

**Plaintiff's Statement:** January 26, 2024 (all discovery)

**Defendant's Statement:** Up to two experts per side; opening expert disclosures and reports due by November 17, 2023; rebuttal expert disclosures and reports due December 15, 2023 (phase I discovery)

e. The number of interrogatories each party shall be permitted to serve;

**Plaintiff's Statement:** 25 (all discovery)

**Defendant's Statement:** 25 (phase I discovery)

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take;

**Plaintiff's Statement:** 10 (all discovery)

**Defendant's Statement:** 5 (phase I discovery)

g. The number of expert depositions each party shall be permitted to take; and

**Plaintiff's Statement:** Up to 10.

5

>**Defendant's Statement:** One deposition per expert (phase I discovery)

h. A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

>The parties will confer regarding an appropriate comprehensive ESI protocol and shall file such protocol with the Court no later than July 28, 2023.

## 5. Close of Discovery and Non-Dispositive Motions

a. The date by which all discovery shall be completed and all nondispositive motions shall be filed and served.

>**Plaintiff's Statement:** March 22, 2024 (all discovery)

>**Defendant's Statement:** January 26, 2024 (all phase I discovery—fact and expert).

>Defendant further proposes that January 5, 2024 serve as the deadline for all non-certification, non-dispositive motions related to Phase I discovery.

>Defendant further proposes that February 23, 2024 serve as the deadline for Plaintiff to file his motion for class certification.

b. The parties **agree** that a party should be required to request an informal conference with the Court before filing a discovery motion.

## 6. Dispositive Motions and Trial

a. The date by which all dispositive motions shall be served, filed and heard;

>**Plaintiff's Statement:** May 31, 2024 (all discovery)

>**Defendant's Statement:** Defendant proposes that dispositive motion practice be deferred until after the Court's class-certification ruling. *See Palm v. Rock Bottom Restaurants, Inc.*, No 11-cv-01749 (D. Minn.), Dkt. 49 (following this approach).

b. The date by which the case shall be ready for trial;

>**Plaintiff's Statement:** August 2, 2024 (all discovery)

>**Defendant's Statement:** Defendant proposes that trial scheduling be deferred until after the Court's class-certification ruling.

c. The number of expert witnesses each party expects to call at trial; and

    **Plaintiff's Statement:** Plaintiff anticipates calling no more than 5 expert witnesses (all discovery).

    **Defendant's Statement:** As stated above, Defendant anticipates using no more than two expert witnesses during phase I discovery. At trial, Defendant anticipates calling no more than 5 expert witnesses.

d. Estimated trial time (including jury selection and instructions, if applicable).

    **Plaintiff's Statement:** Two weeks

    **Defendant's Statement:** One week

Dated: May 2, 2023

Respectfully submitted,

s/_____*Nicholas A. Coulson*_____

Steven D. Liddle*
Nicholas A. Coulson*
*Pro hac vice*
**LIDDLE SHEETS COULSON, P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207-3101
T: (313) 392-0015
E: sliddle@lsccounsel.com
E: ncoulson@lsccounsel.com
E: lspitzig@lsccounsel.com

Nathaniel J. Weimer
**TEWKSBURY & KERFELD, P.A.**
99 South Tenth Street, Suite 300
Minneapolis, MN 55403
T: (612) 334-3399
F: (612) 334-5787
E: nweimer@tkz.com

Don Bivens
**DON BIVENS PLLC**
Scottsdale Quarter
15169 N. Scottsdale, AZ 85254
T: (602) 708-1450
E: don@donbivens.com

*Attorneys for the Plaintiff and Putative Class*

Dated: May 2, 2023                                  **FAEGRE DRINKER BIDDLE & REATH LLP**

 /s/  Jeffrey P. Justman
Jeffrey P. Justman (#390413)
Anderson C. Tuggle (#0400277)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
jeff.justman@faegredrinker.com
anderson.tuggle@faegredrinker.com

*Attorneys for Defendant Star Tribune Media Company LLC*