**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

KYLE FELDMAN, on behalf of
himself and all others similarly
situated,

                    Plaintiff,

    v.

STAR TRIBUNE MEDIA COMPANY
LLC,

                    Defendant.

File No. 0:22-cv-1731-ECT-TNL

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR**</u> <u>**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**</u>

# TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION ......................................................................................................... 1

I.     FACTUAL AND PROCEDURAL BACKGROUND ........................................... 3

    A.    Factual Background ................................................................. 3

    B.    Procedural History ................................................................. 4

    C.    History of Settlement Discussions .......................................... 5

II.    KEY TERMS OF THE SETTLEMENT ............................................................ 5

    A.    Class Definition ...................................................................... 5

    B.    Monetary Relief In The Form Of A Non-Reversionary Common Fund ................................................................................ 6

    C.    Prospective Relief .................................................................... 7

    D.    Release .................................................................................... 7

    E.    Notice And Administration Expenses ..................................... 8

    F.    Incentive Award ...................................................................... 8

    G.    Attorneys' Fees And Expenses ............................................... 8

LEGAL STANDARD ................................................................................................. 9

ARGUMENT ............................................................................................................ 11

I.    THE COURT WILL LIKELY APPROVE THE PROPOSED SETTLEMENT UNDER RULE 23(e)(2). ........................................................................ 11

   A.  The Class Representatives and Class Counsel Have Adequately Represented the Class ........................................................ 12

   B.  The Settlement Is Based On Arm's Length Negotiations Conducted After Extensive Investigation and the Exchange Of Ample Information ..................................... 13

   C.  The Relief Provided for the Class Is Adequate ................................. 13

   D.  The Settlement Treats Class Members Equitably Relative to Each Other .......................... 15

   E.  The Settlement Should be Preliminarily Approved Based on the Eighth Circuit's Traditional Considerations .................................................................. 15

II.    THE COURT WILL LIKELY BE ABLE TO CERTIFY THE PROPOSED CLASS FOR PURPOSES OF SETTLEMENT ..................................................... 16

   A.  General Standards ........................................................................... 16

   B.  Numerosity Is Satisfied .................................................................. 17

   C.  Commonality Is Satisfied ............................................................... 18

D. The Class Representative's Claims Are Typical Of The Class ........................................ 20

E. Rule 23(a)(4) and Rule 23(g) Are Satisfied Because Class Representative And Class Counsel Will Fairly and Adequately Protect The Interests of The Class ........................ 21

F. The Requirements of Rule 23(b)(3) Are Satisfied ........................................................ 22

    1. Common Issues Predominate ..................................................................................... 22

    2. Class Settlement Is Superior To Alternate Methods of Adjudication ........................ 23

    3. The Court Should Appoint Plaintiff As Class Representative And Proposed Class Counsel As Class Counsel Under Rule 23(g) .......................................................... 24

III. THE PROPOSED NOTICE PLAN SHOULD BE APPROVED ........................................ 25

A. The Content Of The Proposed Class Notice Complies With Rule 23(c)(2) .................... 25

B. The Plan For Distribution Of The Class Notice Will Comply With Rule 23(c)(2) ........... 26

CONCLUSION ........................................................................................................................ 27

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Alpern v. UtiliCorp United, Inc.*,
84 F.3d 1525 (8th Cir.1996) ....................................................20

*Ambrose v. Boston Globe Media Partners LLC*,
(D. Mass. 2022).................................................................2, 16

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ........................................................... 23

*Avritt v. Reliastar Life Ins. Co.*,
615 F.3d 1023 (8th Cir. 2010)...........................................11, 18

*Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.*,
2017 WL 2574005 (D. Minn. June 14, 2017)......................3, 11

*Beckmann v. CBS, Inc.*,
192 F.R.D. 608 (D. Minn. 2000).........................................17

*Beltran et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*,
(N.D. Ill. 2022)...............................................................3, 16

*City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank, N.A.*,
281 F.R.D. 347 (D. Minn. 2012).........................................21

*Cleveland v. Whirlpool Corp.*,
2021 WL 5937403 (D. Minn. Dec. 16, 2021)........................11

*Coulter-Owens v. Time, Inc.*,
308 F.R.D. 524 (E.D. Mich. 2015)... .................................. 19

*Ebert v. Gen. Mills, Inc.*,
823 F.3d 472 (8th Cir. 2016) ........................................10, 16

*Fath v. Am. Honda Motor Co.*,
2019 WL 6799796 (D. Minn. Dec. 13, 2019)...............9-12, 13, 15

*Hartley v. Suburban Radiologic Consultants, Ltd.*,
295 F.R.D. 357 (D. Minn. 2013).......................................18, 23

*In re GSE Bonds Antitrust Litigation*,
2019 WL 5838960 (S.D.N.Y. Nov. 7, 2019)..........................9

*In re Potash Antitrust Litigation*,

159 F.R.D. 682 (D. Minn. 1995) ................................................................22

*In re Prudential Insur. Sales Practices Litig.*,
962 F. Supp. 450 (D.N.J. 1997) ........................................................... 23

*In re Select Comfort Corp. Securities Litigation*,
202 F.R.D. 598 (D. Minn. 2001) ............................................................22

*Johnson v. Sitzmann*,
413 N.W.2d 541 (Minn. Ct. App. 1987) ..................................................11

*In re TikTok, Inc., Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) .....................................................20

*Karsjens v. Jesson*,
283 F.R.D. 514 (D. Minn. 2012) ....................................................... 18, 19

*Kinder v. Meredith Corp.*,
2016 WL 454441 (E.D. Mich. Feb. 5, 2016) .................................... 20, 23

*Mathers v. Northshore Mining Co.*,
217 F.R.D. 474 (D. Minn. 2003) ............................................................17

*Mund v. EMCC, Inc.*,
259 F.R.D. 180 (D. Minn. 2009) ............................................................20

*Nerland v. Caribou Coffee Co.*,
564 F. Supp. 2d 1010 (D. Minn. 2007) ...................................................24

*Paxton v. Union Nat. Bank*,
688 F.2d 552 (8th Cir. 1982); ................................................... 17, 19, 20

*Phillips v. Caliber Home Loans, Inc.*,
2021 WL 3030648 (D. Minn. July 19, 2021) ..........................................11

*Portz v. St. Cloud State Univ.*,
297 F. Supp. 3d 929 (D. Minn. 2018) .....................................................17

*Postawko v. Missouri Dep't of Corr.*,
910 F.3d 1030 (8th Cir. 2018) ...............................................................18

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*,
821 F.3d 992 (8th Cir. 2016) .................................................... 10, 18, 22

*Sonmore v. CheckRite Recovery Servs., Inc.*,
206 F.R.D. 257 (D.Minn.2001.) ............................................................20

*Swinton v. SquareTrade, Inc.*,
  2019 WL 617791 (S.D. Iowa Feb. 14, 2019)....................................................9, 15

*Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*,
  577 F. Supp. 3d 970 (D. Minn. 2021) ..............................................................21, 22

*Tyson Foods, Inc. v. Bouaphakeo*,
  136 S. Ct. 1036 (2016) ........................................................................................ 22

*Van Horn v. Trickey*,
  840 F.2d 604 (8th Cir. 1988)).................................................................. 10, 12, 15

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338, 347, 131 S. Ct. 2541 L. Ed. 2d 374 (2011) ........................................19

*Webb v. Exxon Mobil Corp.*,
  856 F.3d 1150 (8th Cir. 2017). .......................................................................10, 16

*West Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
  325 F.R.D. 280, 287 (D. Minn. 2018)...................................................................22

*White v. National Football League*,
  822 F. Supp. 1389 (D. Minn. 1993)......................................................................11

## STATUTES

18 U.S.C. § 2710 ...................................................................................................... 1

28 U.S.C. § 1715 ..................................................................................................... 26

§ 1778 ...............................................................................................................7, 22

§ 21.632...................................................................................................................11

§ 2710(a)(3)............................................................................................................. 1

§ 30.41....................................................................................................................11

## RULES

Fed. R. Civ. P. 23 ..................................................................................................... 2

Fed. R. Civ. P. 23(b)(3)...................................................................................3,10, 23

Fed. R. Civ. P. 23(e)(1) ........................................................................................... 9

Fed. R. Civ. P. 23(e)(2)(D)..................................................................................... 15

Fed. R. Civ. P. 23 (g) ............................................................................................................ 24

**OTHER AUTHORITIES**

C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1778, pp. 123-124 (3d ed. 2005) ................................................................................................................................. 22

## INTRODUCTION

Plaintiff Kyle Feldman ("Plaintiff") brought this putative class action alleging that Defendant Star Tribune Media Company LLC ("Defendant" or "Star Tribune") violated the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA") by installing and running the Facebook Tracking Pixel on its website. Plaintiff alleges Defendant caused its subscribers' personally identifiable information ("PII") – which, as defined by the VPPA, includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider – to be disclosed to Facebook. *See id.* § 2710(a)(3).

On August 2, 2023, the parties participated in a full day settlement conference with Magistrate Judge Leung. Declaration of Nicholas A. Coulson In Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Coulson Decl.") ¶ 10. After a full day of negotiations, Plaintiff, Class Counsel, and Defendant agreed to the primary material terms of a class-wide settlement. *Id.* ¶ 12. Defendant's insurance carrier subsequently agreed to tender payment and the parties entered into a full agreement to resolve the matter. *Id.* ¶ 13.

This Settlement[1] negotiated by Plaintiff and Proposed Class Counsel represents an excellent result for the proposed Settlement Class. Pursuant to the Settlement Agreement,

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meaning as ascribed to them in the "Definitions" section of the Settlement Agreement.

Defendant has agreed to establish a two million, nine hundred thousand dollar ($2,900,000.00 USD) non-reversionary cash Settlement Fund, from which the Settlement Administrator will pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. Settlement Class Members with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by electronic payment method approved by the Settlement Administrator or check. Additionally, within forty-five (45) days of the Preliminary Approval Order, Defendant will suspend operation of the Facebook Tracking Pixel on any pages on Defendant's Website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated, or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

The Settlement is the result of a thorough pre-filing investigation, efficiently prosecuted litigation, and extensive arm's-length negotiations between the Parties, including a settlement conference conducted before Magistrate Judge Tony N. Leung. The Settlement provides fair, reasonable, and adequate relief to the Settlement Class, and its terms and notice procedures readily satisfy Due Process and the procedural requirements of Fed. R. Civ. P. 23. Coulson Decl. ¶¶ 10,15, 22.

The Settlement provides excellent results for the Settlement Class, especially when compared to other VPPA and privacy settlements. *See, e.g., Ambrose v. Boston Globe Media Partners LLC*, No. 1:22-cv-10195-RGS (D. Mass. 2022) (approving settlement in VPPA case that provided a $4 million  settlement fund for over 500,000 potential class members);

*Beltran et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*, No: 1:22-cv-04858 (N.D. Ill. 2022) (approving settlement in VPPA case that provided a $16 million settlement fund for 19 million potential class members).

Indeed, the Settlement's strength should give the Court no pause in granting preliminary approval pursuant to the Court's preference for settling disputes. *Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.,* No. 014CV00786ADMTNL, 2017 WL 2574005, at *2 (D. Minn. June 14, 2017). Accordingly, Plaintiff respectfully requests that the Court (1) grant preliminary approval of the Settlement Agreement; (2) provisionally certify the settlement class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; (3) appoint Steven D. Liddle, Nicholas A. Coulson and Nathaniel J. Weimer as Class Counsel; (4) appoint Kyle Feldman as Class Representative for the Settlement Class; and (5) approve the Notice Plan for the Settlement described in the Settlement Agreement and its Exhibits, as well as the specific Notice of Class Action and Proposed Settlement (the "Proposed Notice"),[2] and direct distribution of the Proposed Notice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

Plaintiff alleges that Defendant is a "media publisher that developed, owns, and/or operates the Website, startribune.com, which receives millions of visits per year." (ECF

---

[2] These are attached as Exhibits A-D to the Settlement Agreement.

No. 1, Class Action Complaint, ¶ 12). As alleged, Defendant's website, startribune.com, includes written articles and "a wide array of video content." *Id.* ¶ 13. Plaintiff further alleges that Defendant embedded the code for the Facebook Tracking Pixel on its website, which "tracks the actions of Website visitors (subscribers), such as the page a visitor views and the content they view." *Id.* ¶ 22. Plaintiff alleges that when a visitor navigates to startribune.com, Defendant transmits this page and video viewing data to Facebook. *Id.* Plaintiff further alleges that Defendant sends this data to Facebook alongside the c_user cookie, which contains "a viewer's unencrypted [Facebook ID]." *Id.* ¶ 28. Ultimately, Plaintiff alleges that Defendant "knew that such data in combination identifies subscribers and the videos they watched." *Id.* ¶ 32. Defendant denies these allegations and admits no liability in this action or in conjunction with this Settlement.

**B.  Procedural History**

Plaintiff filed his Complaint on July 7, 2022. (ECF No. 1). On October 13, 2022, Defendant filed a motion to dismiss Plaintiff's Complaint. (ECF No. 17). On November 18, 2022, Plaintiff filed his opposition to Defendant's motion to dismiss. (ECF No. 24). On December 12, 2022, Defendant filed its reply memorandum of law in support of its motion to dismiss. (ECF No. 26).

On March 7, 2023, this Court issued an Opinion and Order denying Defendant's motion to dismiss. (ECF No. 32). Defendant thereafter answered Plaintiff's Complaint on March 21, 2023, by denying the allegations generally and raising several affirmative defenses. (ECF No. 33). On May 9, 2023, the Court ordered a settlement conference, which took place on August 2, 2023. (ECF No. 40).

### C.    History of Settlement Discussions

The Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution. Coulson Decl. ¶ 10. Those discussions culminated in a day-long settlement conference conducted before Magistrate Judge Tony N. Leung of this Court on August 2, 2023. *Id.*

In preparation for the settlement conference, and in order to competently assess their relative negotiating positions, the Parties exchanged information, including on issues such as the size and scope of the putative class, and certain facts related to the strength of Defendant's defenses. *Id.* ¶ 11. During the settlement conference, following nearly ten hours of negotiation, the Parties reached agreement in principle on all material terms of a class action settlement, contingent on the material financial terms being paid by Defendant's insurer. On August 16, 2023, Defendant's insurer confirmed that it would pay the financial sums owed under the Settlement. *Id.* ¶¶ 12, 13.

## II.    KEY TERMS OF THE SETTLEMENT

The key terms of the Class Action Settlement Agreement ("Settlement") are as follows:

### A.    Class Definition

The "Settlement Class" or "Settlement Class Members" is defined as:

> [A]ll persons who reside in the United States, and who, from July 7, 2020, to and through the Preliminary Approval date: (1) have or had a Facebook account; (2) also have or had a digital subscription to the *Star Tribune*, or a home delivery

subscription to the *Star Tribune* that includes digital access; and (3) who viewed videos on Defendant's Website.[3]

## B.   Monetary Relief In The Form Of A Non-Reversionary Common Fund

Pursuant to the Settlement, Defendant has agreed to establish a two million, nine hundred thousand dollar ($2,900,000.00 USD) non-reversionary cash Settlement Fund, from which the Settlement Administrator will pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. Settlement Agreement ¶ 1.32, Coulson Decl. ¶ 14.. Settlement Class Members with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by electronic payment method approved by the Settlement Administrator or via a check. Settlement Agreement ¶ 2.1(a)-(b).

Any uncashed checks or electronic payments unable to be processed within 180 days of issuance shall be redistributed on a *pro rata* basis to the Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least ten dollars ($10.00 USD) in any such secondary distribution and if otherwise feasible. *Id.* ¶ 2.1(d). If such a secondary distribution would result in

---

[3] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

6

Settlement Class Members receiving less than ten dollars ($10.00 USD), or if a secondary distribution would be otherwise infeasible, any uncashed funds shall, subject to Court approval, revert to the Minnesota Justice and Democracy Centers (as established by the U.S. District Court for the District of Minnesota), a non-sectarian, not-for-profit organization, or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court. *Id.*

### C.   Prospective Relief

As part of the Settlement, within 45 days of the Preliminary Approval Order, Defendant will suspend operation of the Facebook Tracking Pixel on any pages on Defendant's Website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Minnesota, or a Minnesota state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook. *Id.* ¶ 2.2.

### D.   Release

In exchange for the relief described above, the obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties. *Id.* ¶ 3.1. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all

7

Released Claims against the Released Parties, and each of them. *Id.* ¶ 3.2. Further, upon Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participating in the Settlement as provided herein) against any Released Party based on the Released Claims. *Id.*

### E.   Notice And Administration Expenses

The Settlement Fund will be used to pay the cost of Settlement Administration Expenses, which includes sending the Notice set forth in the Agreement and any other notice as required by the Court, as well as all costs of administering the Settlement. *Id.* ¶¶ 1.27, 1.32.

### F.   Incentive Award

In recognition for his efforts on behalf of the Settlement Class, Defendant has agreed that Plaintiff may request, subject to Court approval, an incentive award of no more than $5,000 from the Settlement Fund. *Id.* ¶ 8.3.

### G.   Attorneys' Fees And Expenses

As part of the Settlement, Defendant has agreed that Class Counsel are entitled to seek reasonable attorneys' fees, costs, and expenses in an amount to be determined by the Court by petition. *Id*. ¶ 8.1.  Class Counsel has agreed to limit its request to no more than one-third of the Settlement Fund. *Id.*

## LEGAL STANDARD

In order to determine whether preliminary approval of a settlement is appropriate, "a district court considers whether it will 'likely be able to: (1) approve the proposal under Rule 23(e)(2); and (2) certify the class for purposes of judgment on the proposal." *Fath v. Am. Honda Motor Co.,* No. 18-CV-1549 (NEB/LIB), 2019 WL 6799796, at *2 (D. Minn. Dec. 13, 2019); Fed. R. Civ. P. 23(e)(1).

First, Rule 23(e)(2) provides that "[i]f the proposal would bind class members, the court may approve it only after a hearing and *only after a finding that it is fair, reasonable, and adequate*" after considering specific factors. Fed. R. Civ. P. 23(e)(2) (emphasis added). To determine whether the Court would likely find the settlement proposal fair, reasonable, and adequate, the Court must consider whether:

> (1) class representatives and class counsel have adequately represented the class;
> (2) the proposal was negotiated at arm's length;
> (3) the relief provided for the class is adequate; and
> (4) the proposal treats class members equitably relative to each other.

*Id.* These considerations come from the December 2018 Amendments to the Federal Rules of Civil Procedure, including Rule 23(e), where the Advisory Committee Notes to the 2018 Amendments explain that the process set forth in Rule 23(e) is intended to "codify the preliminary approval process that was a matter of practice, but not rule." *Fath*, 2019 WL 6799796, at *2; *see In re GSE Bonds Antitrust Litigation*, No. 19-CV-1704 (JSR), 2019 WL 5838960, at *1 (S.D.N.Y. Nov. 7, 2019) No. 19-CV-1704 (JSR), 2019 WL 5838960, at *1 (S.D.N.Y. Nov. 7, 2019) (noting that prior to the amendments, Rule 23 did not specify a standard for preliminary approval); *Swinton v. SquareTrade, Inc.*, 2019 WL 617791, at *4

(S.D. Iowa Feb. 14, 2019) (noting that the process was meant to "codify the 'preliminary approval' process that is customary in class action settlements"). "The Eighth Circuit has set forth its own largely overlapping test to ascertain the fairness and adequacy of a proposed settlement," which directs the Court to consider "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Fath*, 2019 WL 6799796, at *2 (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

Second, to determine whether to preliminarily approve the settlement proposal, the Court must also find that it will "*likely* be able to certify the class for purposes of judgement on the proposal." *Fath*, 2019 WL 6799796, at *4 (emphasis in original). In doing so, the Court must consider whether the Rule 23(a) requirements will likely be satisfied, including "numerosity, commonality, typicality, and adequacy." *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1155 (8th Cir. 2017). "Once those requirements are satisfied, the proposed class must also fit within 'one of the three subsections of rule 23(b)." *Id.* (quoting *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016)). In pertinent part, Rule 23(b)(3) permits class certification to join plaintiffs whose "questions of law or fact common to class members predominate of any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). To determine whether a common question predominates, the Court must determine whether the "questions of law or fact common to class members [ ] predominate over any questions affecting only individual members," or in other words, whether the "defendant's liability to all plaintiffs may be established with common evidence." *Sandusky Wellness*, 821 F.3d 992,

998 (8th Cir. 2016) (quoting *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010).

## ARGUMENT

### I.   THE COURT WILL LIKELY APPROVE THE PROPOSED SETTLEMENT UNDER RULE 23(e)(2).

"The policy in federal court of favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.,* No. 014CV00786ADMTNL, 2017 WL 2574005, at *2 (D. Minn. June 14, 2017) (quoting *White v. National Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993); *see also Johnson v. Sitzmann*, 413 N.W.2d 541, 545 (Minn. Ct. App. 1987) ("[S]ettlement of disputes without litigation is highly favored; such agreements will not be lightly set aside by courts.").

Class action settlement requires court approval, which may be issued only "after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." *Cleveland v. Whirlpool Corp.*, No. 20-CV-1906 (WMW/KMM), 2021 WL 5937403, at *6 (D. Minn. Dec. 16, 2021); Fed. R. Civ. P. 23(e)(2); *see* Manual for Complex Litigation (Fourth) § 21.632 (2004). However, for preliminary approval of a class action settlement, Rule 23 provides that the Court must determine whether it would *likely* be able approve the proposal under Rule 23(e)(2). Put differently, the Court "must conclude that the proposed Settlement is 'within the range of possible approval' and 'does not disclose grounds to doubt its fairness.' " *Phillips v. Caliber Home Loans, Inc.*, No. 19-CV-2711 (WMW/LIB), 2021 WL 3030648, at *6 (D. Minn. July 19, 2021) (quoting Manual for Complex Litigation § 30.41, at 237 (3d ed. 1975)).

To determine whether the Court would likely find the settlement proposal fair, reasonable, and adequate, the Court must consider whether:

> (1) class representatives and class counsel have adequately represented the class;
> (2) the proposal was negotiated at arm's length;
> (3) the relief provided for the class is adequate; and
> (4) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. Rule 23(e)(2). Additionally, since the Rule 23 factors are not meant replace the Eighth Circuit's traditional analysis, this Court should also consider "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Fath v. Am. Honda Motor Co.*, 2019 WL 6799796, at *2 (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

### A. The Class Representatives and Class Counsel Have Adequately Represented the Class.

Plaintiff has vigorously and adequately represented his fellow Class Members throughout the entirety of this class action. Coulson Decl. ¶ 29. Plaintiff has spent a significant amount of time assisting his counsel, providing information regarding his *Star Tribune* subscription and Facebook account, providing relevant documents as required, and assisting with settlement negotiations. *Id.* Similarly, Class Counsel has used its vast experience in complex class action litigation to vigorously prosecute this action on behalf of Plaintiff and his fellow Class Members. Coulson Decl. ¶¶ 21-22. Therefore, since both the Class Representative and Class Counsel have vigorously represented the Class Members,

this Court should find that Class Counsel and the Class Representative have adequately represented the Class.

### B. The Settlement Is Based On Arm's Length Negotiations Conducted After Extensive Investigation And The Exchange Of Ample Information

The Parties participated in a day-long settlement conference before Magistrate Judge Tony N. Leung of this Court on August 2, 2023. To competently assess their relative negotiating positions, the Parties exchanged information regarding the scope of the putative class and certain facts related to the strength of Defendant's defenses. Since the exchanged information was of similar scope to that which would have been provided in formal discovery, both Parties had adequate information to assess the strengths and weaknesses of the relative claims and defenses.

Therefore, the Parties' exchange of information and successful participation in the settlement conference demonstrate that the Settlement is based on Arms' length negotiation that was conducted after extensive investigation and exchange of ample information.

### C. The Relief Provided for the Class Is Adequate.

Rule 23(e)(2)(C) instructs the Court to consider the following to determine whether the proposal provides adequate relief:

(i)     the costs, risks, and delay of trial and appeal;
(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and]
(iii)   the terms of any proposed award of attorney's fees, including timing of payment

*See Fath*, 2019 WL 6799796, at *3.

First, in this case, the cost, risks, and delay of trial and appeal are significant. This case has already been pending for over a year, and as discussed above, has been vigorously contested since the outset. Further, Defendant denies all of the allegations made in this litigation. Absent preliminary approval (and subsequent final approval) of the Settlement, a significant risk of additional costs, judicial resources, and delay of trial and appeal would occur.

Second, the proposed method of distributing relief to the class is an effective means of distribution. Class Members will be sent an email notifying them of the Settlement, which will include an electronic link to the online claim form. Settlement Agreement ¶ 4.1, Coulson Decl. ¶ 15. Class Members will also be able to submit an online claim form by visiting www.startribunevppasettlement.com, which will be administered and maintained by the Settlement Administrator. Settlement Agreement ¶ 4.1.

Third, as discussed above, Defendant has agreed that Class Counsel are entitled to reasonable attorneys' fees, costs, and expenses in an amount to be determined by the Court by petition. *Id.* ¶ 8.1. The agreed-upon terms of the attorneys' fees are reasonable, as Class Counsel has agreed to limit its request to no more than one-third of the Settlement Fund. *Id.* The timing of the payment of the attorneys' fees is also reasonable, as it will be paid within ten (10) days of the Court's Final Judgment and not in any way that is prejudicial to the Class. *Id.* ¶ 8.2.

Therefore, the proposed Relief outlined in the Settlement is adequate and satisfies the Rule 23 considerations.

### D. The Settlement Treats Class Members Equitably Relative to Each Other.

The Settlement treats all Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D).[4] Here, all Class Members will receive the same monetary relief, as they will collect a *pro rata* share of the $2,900,000.00 Settlement Fund. There are no meaningful differences between Class Members that would justify departing from this approach in any administratively feasible way. Therefore, the Settlement treats all Class Members equitably relative to each other.

### E. The Settlement Should be Preliminarily Approved Based on the Eighth Circuit's Traditional Considerations.

The Court should preliminarily approve the Settlement under the Eighth Circuit's traditional considerations. Here, the Court must also consider "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Fath*, 2019 WL 6799796, at *2 (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)). While the potential liability in this case, given the magnitude of potential statutory damages, poses an existential threat to Defendant, this settlement does not rely on Defendant's financial condition as justification. Since notice has not yet been given, it is premature to assess the amount of opposition to the Settlement. Accordingly, only an analysis of the remaining two considerations is required.

---

[4] "There is no requirement that all class members in a settlement be treated *equally*." *Fath,* 2019 WL 6799796, at *4; *see Swinton,* 2019 WL 617791, at *8.

First, as discussed, the strength of the Settlement weighs heavily in favor of approval, as the Class Members will receive comparatively favorable settlement terms when compared to recent VPPA settlements. *See, e.g., Ambrose v. Boston Globe Media Partners LLC*, No. 1:22-cv-10195-RGS (D. Mass. 2022) (approving settlement in VPPA case that provided a $4 million settlement fund for over 500,000 potential class members); *Beltran et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*, No: 1:22-cv-04858 (N.D. Ill. 2022) (approving settlement in VPPA case that provided a $16 million settlement fund for 19 million potential class members).

Second, as discussed, the complex nature of this class action, coupled with the size of the Class greatly favors finding the Settlement to be fair, reasonable, and adequate. Absent the approval of the Settlement, the litigation would likely continue for a significant period, unnecessarily increasing costs and consuming judicial resources. Therefore, the Settlement should be found to be fair, reasonable, and adequate under the traditional Eighth Circuit considerations, and should accordingly be preliminarily approved.

## II.   THE COURT WILL LIKELY BE ABLE TO CERTIFY THE PROPOSED CLASS FOR PURPOSES OF SETTLEMENT

### A.   General Standards

In order to certify a class under Rule 23(b)(3), a court must determine that the four threshold elements of Rule 23(a) "numerosity, commonality, typicality, and adequacy," as well as "one of the three subsections of Rule 23(b)" are satisfied. *Webb v. Exxon Mobil Corp.,* 856 F.3d 1150, 1155 (8th Cir. 2017) (quoting *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016)). Here, the action focuses on what Plaintiff alleges is Defendant's

common course of conduct of allegedly disclosing its subscribers' protected video-viewing information and PII to Facebook in violation of the VPPA.[5]

### B.    Numerosity Is Satisfied

The numerosity requirement is satisfied when the class is "so numerous that joinder of all members is impracticable." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982); *see also, e.g.*, *Mathers v. Northshore Mining Co.,* 217 F.R.D. 474, 483 (D. Minn. 2003). "The Eighth Circuit has not established any rigid rules regarding the necessary size of a class and the question of what constitutes impracticability depends upon the facts of each case." *Mathers v. Northshore Mining Co*., 217 F.R.D. 474, 484 (D. Minn. 2003) (quoting *Beckmann v. CBS, Inc.*, 192 F.R.D. 608, 613 (D. Minn. 2000)). Generally, "putative class sizes of forty will support a finding of numerosity, and much smaller classes have been certified by courts in the Eighth Circuit*." Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 944 (D. Minn. 2018) (citations omitted).,). Here, Defendant had over 100,000 subscribers[6] during the relevant time period.  (ECF No. 1, ¶ 14). While not every subscriber is necessarily a Settlement Class Member (for example, a subscriber may not have had a Facebook account or may not have watched videos on Defendant's

---

[5] Defendant's non-opposition to certification of a settlement class is solely for purposes of effectuating the settlement and no other purpose.  Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if final approval of the settlement is not granted, if the Court's approval is reversed or vacated on appeal, or if the settlement fails to become effective for any other reason.

[6] The term "subscribers" in this instance refers to people who had access to Defendant's Website as referenced in the Class definition, and not necessarily *subscribers* as defined by the VPPA.

website), the total subscriber figure makes clear that numerosity is satisfied. Indeed, even if only 10% of Defendant's subscribers, or approximately 10,000, were Settlement Class Members, numerosity would still be satisfied.

### C.    Commonality Is Satisfied

"As a general rule, the commonality requirement imposes a very light burden on a plaintiff seeking to certify a class and is easily satisfied*." Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 376 (D. Minn. 2013). To satisfy the commonality requirement, the claims must "involve a common question or contention 'of such a nature that is capable of class-wide resolution-which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1038 (8th Cir. 2018) (quoting *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.,* 821 F.3d 992, 998 (8th Cir. 2016)). When determining whether there is a common question, the Court will consider whether the "questions of law or fact common to class members must predominate over any questions affecting only individual members," or put differently, whether the "defendant's liability to all plaintiffs may be established with common evidence." *Sandusky Wellness*, 821 F.3d 992, 998 (8th Cir. 2016) (quoting *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010)). Moreover, class members need not have identical claims, suffer identical injuries, or have identical damages: "commonality 'may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.'" *Karsjens v. Jesson*, 283

F.R.D. 514, 518 (D. Minn. 2012) (quoting *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir.1982)).

Here, Plaintiff alleges that Defendant disclosed its subscribers' video-viewing information and identities to Facebook in violation of the VPPA. Plaintiff contends that determination of the truth or falsity of this allegedly common contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Karsjens v. Jesson*, 283 F.R.D. 514, 518 (D. Minn. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 347, 131 S. Ct. 2541, 2550, 180 L. Ed. 2d 374 (2011)). Determining the truth or falsity of this common contention raises numerous common questions that track the elements of a VPPA claim, such as: (a) whether Defendant is a video tape service provider within the meaning of the statute; (b) whether the information Defendant allegedly disclosed to Facebook constitutes PII under the statute; and (c) whether Defendant knowingly disclosed the information to Facebook.  Plaintiff contends that the central factual and legal questions in the case can be determined on a class-wide basis using the same evidence regarding Defendant's practices. *See Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 532–534 (E.D. Mich. 2015) (finding litigation under Michigan state analog to the VPPA was "driven by issues that are common to the entire putative class").

Certainly, if litigation were to continue, Plaintiff anticipates that Defendant would argue that there are certain factors that undermine commonality, such as the way in which class-members interacted with Defendant's website, class-member's browser settings, how they use Facebook, and any consent they may or may not have given to Facebook. Nonetheless, federal courts have routinely found commonality to be satisfied for settlement

purposes in similar disclosure cases even where the parties previously contested whether the disclosure pattern was uniform. *See, e.g., In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 922 (N.D. Ill. 2022) ("As to commonality, there are numerous 'common contention[s] ... capable of classwide resolution' here: most notably, whether Defendants harvested class members' personal information and biometric data without their knowledge or consent, and whether Defendants transferred this data to third parties without authorization in contravention of federal and state privacy laws."); *Kinder v. Meredith Corp.*, 2016 WL 454441, at *1 (E.D. Mich. Feb. 5, 2016) ("[B]ecause there are common questions of both law and fact, including the course of [defendant's] conduct with customer purchasing information and the applicability of the [Michigan state analog to the VPPA] to that conduct, the commonality requirement is satisfied.").

### D.   The Class Representative's Claims Are Typical Of The Class

"The burden of showing typicality is not an onerous one." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562 (8th Cir. 1982). "The typicality requirement requires 'that there are other members of the class who have the same or similar grievances as the plaintiff.'" *Mund v. EMCC, Inc.*, 259 F.R.D. 180, 184 (D. Minn. 2009) (quoting *Sonmore v. CheckRite Recovery Servs., Inc.*, 206 F.R.D. 257, 262 (D.Minn.2001.))   Further, the typicality requirement "is fairly easily met so long as other class members have claims similar to the named plaintiff;" "factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Mund*, 259 F.R.D. at 184 (quoting *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir.1996)).

Here, Plaintiff alleges that Defendant's disclosure of his PII is typical of Defendant's alleged disclosure of other subscribers' PII to Facebook. (ECF No. 1, ¶¶ 20,60-62). The disclosures were allegedly made in the exact same manner and for the exact same purpose. Additionally, Plaintiff is only seeking statutory damages, as opposed to actual damages. Accordingly, Plaintiff believes pursuing his own claims in this matter will necessarily advance the interests of all other Settlement Class Members, and typicality is therefore satisfied for settlement purposes.

### E.   Rule 23(a)(4) and Rule 23(g) Are Satisfied Because Class Representative And Class Counsel Will Fairly and Adequately Protect The Interests of the Class

The adequacy requirement is also satisfied. This requirement has two prongs: First, the interests of the representative party should be sufficiently similar to those of the class members. *Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, 577 F. Supp. 3d 970, 993 (D. Minn. 2021).; *see also City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank, N.A.*, 281 F.R.D. 347, 353 (D. Minn. 2012). Second, class counsel must be willing and able to competently and vigorously litigate the action. *Id.*

First, Plaintiff has adequately and vigorously represented his fellow Class Members throughout the pendency of this action. Coulson Decl. ¶ 29. He has spent significant time assisting his counsel, providing information regarding his *Star Tribune* subscription and Facebook account, providing relevant documents, and assisting in settlement negotiations. *Id.*

Second, Proposed Class Counsel is highly experienced and well-versed in complex class action litigation, including in privacy class actions. Coulson Decl. ¶ 21. Thus,

Proposed Class Counsel is "able and willing to prosecute the action competently and vigorously." *Taqueria El Primo*, 577 F. Supp. 3d (2021). Accordingly, both Rule 23(a)(4) and Rule 23(g) are satisfied.

### F.    The Requirements Of Rule 23(b)(3) Are Satisfied

#### 1.    <u>Common Issues Predominate</u>

"At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all plaintiffs may be established with common evidence .... If the same evidence will suffice for each member to make a *prima facie* showing, then it becomes a common question." *West Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 287 (D. Minn. 2018) (quoting *Sandusky Wellness*, 821 F.3d at 998). Further, "if the defendant's liability is common to the class, then common questions are held to predominate over individual questions," where the common questions "need only predominate" and do not need to be dispositive of the litigation. *Id.* (quoting *In re Select Comfort Corp. Securities Litigation*, 202 F.R.D. 598, 610 (D. Minn. 2001); *In re Potash Antitrust Litigation*, 159 F.R.D. 682, 693 (D. Minn. 1995)).

Further, as the Supreme Court stated:

> When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting 7AA C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1778, pp. 123-124 (3d ed. 2005)).

In this case, Plaintiff alleges that Defendant engaged in a common course of conduct. If the case were fully litigated, for the reasons identified above, Defendant would argue the predominance requirement cannot be met. Nevertheless, particularly for purposes of settlement, the predominance requirement is satisfied. *See Kinder*, 2016 WL 454441, at *2 (E.D. Mich. Feb. 5, 2016) (approving settlement under Michigan state analog to VPPA); *see also In re Prudential Ins. Sales Practices Litig.*, 962 F. Supp. 450, 511-512 n.45 (D.N.J. 1997) ("*Prudential I*")  (collecting cases).

## 2.  Class Settlement Is Superior To Alternate Methods of Adjudication

The superiority requirement in Rule 23(b)(3) allows courts to address the "rights of groups of people who individually would be without effective strength to bring their opponents in court." *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 379 (D. Minn. 2013) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)). Rule 23(b)(3) sets forth a non-exclusive list of factors pertinent to the superiority of a class action, including: whether individual class members wish to bring, or have already brought, individual actions; the desirability of concentrating the litigation of the claims in the particular forum; and manageability concerns. Fed. R. Civ. P. 23(b)(3). As a general matter, the manageability factor need not be evaluated here for a settlement-only class. *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Here, class settlement is the superior method of resolution.  Specifically, individual lawsuits by Class Members would be costly, unmanageable, and overall, an inefficient use

23

of judicial resources. Therefore, class settlement would allow "plaintiffs to vindicate their rights" through "efficient resolution in one proceeding of common issues of fact and law arising from the same alleged . . . activity." *Nerland v. Caribou Coffee Co.*, 564 F. Supp. 2d 1010, 1026 (D. Minn. 2007).

Finally, Proposed Class Counsel is unaware of any individual actions that have been instituted by Class Members. Coulson Decl. ¶ 5. Moreover, a class action settlement provides class members with the opportunity for an expeditious resolution as opposed to protracted litigation that may or may not result in any benefit at all.

Accordingly, the Court should grant certification for settlement purposes.

### 3. **The Court Should Appoint Plaintiff As Class Representative And Proposed Class Counsel As Class Counsel Under Rule 23(g)**

The Court should appoint Plaintiff as Class Representative. Plaintiff has actively developed this case and vigorously represented the interests of the Class. *See* Coulson Decl. ¶ 29. He has provided Counsel with information to help prepare and advance the case, responded to multiple information requests, and represented the Class in settlement discussions, devoting a long day to the settlement conference. *Id.* Accordingly, the Court should appoint Plaintiff as Class Representative.

The Court should also appoint Nathaniel J. Weimer of Tewksbury & Kerfeld, P.A., and Steven D. Liddle and Nicholas A. Coulson of Liddle Sheets Coulson P.C. as Class Counsel under Fed. R. Civ. P. 23(g). Proposed Class Counsel has substantial experience in successfully prosecuting class actions throughout the country. Coulson Decl. ¶¶ 21, 23-26. Both before and throughout this litigation, Proposed Class Counsel has conducted a full

24

and thorough investigation of this matter, and has zealously represented the interests of the

Class and committed substantial resources to the resolution of the class claims.

## III. THE PROPOSED NOTICE PLAN SHOULD BE APPROVED

### A.    The Content Of The Proposed Class Notice Complies With Rule 23(c)(2)

Pursuant to Rule 23(c)(2)(B), the notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

The Notice includes detailed information about the Settlement, including: 1) a

comprehensive summary of its terms; 2) Class Counsel's intent to request attorneys' fees,

reimbursement of expenses, and incentive awards for the Named Plaintiff; and 3) detailed

information about the Released Claims. *See* Settlement Agreement Exhibits A-D. Further,

the Notice includes information regarding the Fairness Hearing date, the Class Members'

right to seek exclusion from the Class or to object to the proposed Settlement (including

the procedure and relevant deadlines for doing so), and the procedure to receive additional

information. *Id.* In summary, the Notice fully informs Class Members of the pending

lawsuit, proposed Settlement, and information required to make informed decisions about

their rights.  Indeed, the information in the Notice is adequate to put Class Members on notice of the proposed Settlement and satisfies the requirements of Rule 23(c)(2)(B).

**B.    The Plan For Distribution Of The Class Notice Will Comply With Rule 23(c)(2)**

The Parties have agreed upon a comprehensive notice plan that more than satisfies the Rule 23 and Due Process requirements. *See* Settlement ¶¶ 4.1- 4.7, Coulson Decl. ¶ 15. First, no later than fourteen (14) days after Preliminary Approval, Defendant shall produce an electronic list from its records that includes the names and email addresses, to the extent available, belonging to the Persons within the Settlement Class. Settlement Agreement ¶ 4.1. Second, in the event that the Court preliminarily approves the Settlement, no later than the Notice Date (within 60 days of the Preliminary Approval), the Settlement Administrator shall send the Settlement Notice via email to all Settlement Class Members. Finally, the Settlement Administrator will send a reminder Notice both thirty (30) days and seven (7) days prior to the Claims Deadline. *Id.* All Notice emails will contain an electronic link to the Claim Form. *Id.* Further, the Settlement Website will be administered and maintained by the Settlement Administrator within fourteen (14) days from the entry of the Preliminary Approval Order, and will contain the ability to file the Claim Forms on-line. email will contain an electronic link to the online claim form. *Id.*

Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator will provide the Attorneys General of each U.S. state in which the Settlement Class Members reside, the Attorney General of the

United States, and other required government officials, notice of the proposed settlement as required by law.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Preliminary Approval of the Settlement. A Proposed Order granting preliminary approval, certifying the Settlement Class, appointing Class Counsel, and approving the Proposed Notice of Settlement, is submitted concurrently herewith.

Dated:  December 22, 2023

Respectfully submitted,

s/        *Nicholas A. Coulson*
Steven D. Liddle*
Nicholas A. Coulson*
*Pro hac vice*
**LIDDLE SHEETS COULSON P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207-3101
T: (313) 392-0015
E: sliddle@lsccounsel.com
E: ncoulson@lsccounsel.com

Nathaniel J. Weimer
**TEWKSBURY & KERFELD, P.A.**
99 South Tenth Street, Suite 300
Minneapolis, MN 55403
T: (612) 334-3399
F: (612) 334-5787
E: nweimer@tkz.com

*Attorneys for Plaintiff and the Putative Class*

27