<u>**REVISED (2/5/24) EXHIBIT B**</u>

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Kyle Feldman v. Star Tribune Media Company, LLC*, Case 0:22-cv-01731-ECT-TNL
**(United States District Court for the District of Minnesota)**

**Our Records Indicate You Have Subscribed to the *Star Tribune* and May Be Entitled to a Payment From a Class Action Settlement.**

**A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.**

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, Star Tribune Media Company, LLC, disclosed its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are all persons in the United States who, from July 7, 2020, to and through the **[Preliminary Approval Date]**, (1) have or had a Facebook account, (2) have or had a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access, and (3) who viewed videos on *Star Tribune*'s website.

**What Can I Get?** If approved by the Court, Defendant will establish a Settlement Fund of $2,900,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund. The Settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Minnesota, or a Minnesota state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [**here.**] Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.startribunevppasettlement.com. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information to Facebook in this case against the Defendant will be released.

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolve. The Settlement Agreement describes the specific claims you are giving up against the Defendants. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.25 of the Settlement Agreement. Unless you exclude yourself, you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

**Who Represents Me?** The Court has appointed lawyers Nicholas A. Coulson and Steven D. Liddle of Liddle Sheets Coulson P.C. and Nathaniel J. Weimer of Tewksbury & Kerfield to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers, they will be paid from the settlement. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **9:00 a.m.** on **May 20, 2024** in Courtroom 7A at the United States District Courthouse, 316 Robert Street, Saint Paul, MN 55101. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for his service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no

more than one-third of the Settlement Benefit, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.startribunevppasettlement.com, contact the settlement administrator at 1-**[___]-[___]-[____]** or Star Tribune Privacy Settlement Administrator, **[address]**, or call Class Counsel at 1-646-837-715

3