## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KYLE FELDMAN, on behalf of
himself and all others similarly
situated,

Plaintiff,

v.

STAR TRIBUNE MEDIA COMPANY
LLC,

Defendant.

File No. 0:22-cv-1731-ECT-TNL

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL</u>
## <u>APPROVAL OF CLASS ACTION SETTLEMENT</u>

# TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION ................................................................................................ 1

I.    FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2

    A.    Factual Background .................................................................... 2

    B.    Procedural History ..................................................................... 3

    C.    History of Settlement Discussions ............................................. 3

II.    KEY TERMS OF THE SETTLEMENT ...................................................... 4

    A.    Class Definition ......................................................................... 4

    B.    Monetary Relief In The Form Of A Non-Reversionary Common
        Fund ........................................................................................... 5

    C.    Prospective Relief ..................................................................... 6

    D.    Release ...................................................................................... 6

    E.    Notice And Administration Expenses ...................................... 7

    F.    Incentive Award ........................................................................ 7

    G.    Attorneys' Fees And Expenses .................................................. 7

    H.    Preliminary Approval ................................................................ 8

LEGAL STANDARD ........................................................................................ 8

ARGUMENT ..................................................................................................... 10

I.    THE COURT SHOULD APPROVE THE SETTLEMENT BECAUSE IT IS FAIR,
REASONABLE, AND ADEQUATE ................................................................. 10

    A.    The Class Representatives and Class Counsel
        Have Adequately Represented the Class ................................... 10

    B.    The Settlement Is Based On Arm's Length Negotiations Conducted After Extensive
        Investigation and the Exchange Of Ample Information .................... 11

    C.    The Relief Provided for the Class Is Adequate ........................... 12

    D.    The Settlement Treats Class Members Equitably Relative to Each Other .......... 13

    E.    The Settlement Should be Preliminarily Approved Based on the Eighth Circuit's Traditional
        Considerations ............................................................................ 14

II.    THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS ............... 16

III.    THE CLASS NOTICE SATISFIED RULE 23(C)(2) AND DUE PROCESS .................. 16

CONCLUSION .................................................................................................. 17

# TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE(S)**

*Ambrose v. Boston Globe Media Partners LLC*,
(D. Mass. 2022) ..................................................................................................................15

*Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.*,
2017 WL 2574005 (D. Minn. June 14, 2017) ...................................................................10

*Beltran et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*,
(N.D. Ill. 2022) ..................................................................................................................15

*Cleveland v. Whirlpool Corp.*,
2021 WL 5937403 (D. Minn. Dec. 16, 2021) ...................................................................10

*Ebert v. Gen. Mills, Inc.*,
823 F.3d 472 (8th Cir. 2016) ...............................................................................................9

*Fath v. Am. Honda Motor Co.*,
2019 WL 6799796 (D. Minn. Dec. 13, 2019) ..................................................9, 12, 14, 15

*In re TikTok, Inc., Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) .................................................................................15

*Kruger v. Lely N. Am., Inc.*, No. 020CV00629KMMDTS,
2023 WL 5665215 (D. Minn. Sept. 1, 2023) ...............................................................10, 16

*Landrum v. Meadows Credit Union*, No. 08-441-CV-W-DW,
2012 WL 12957387 (W.D. Mo. Mar. 16, 2012) ...............................................................14

*Swinton v. SquareTrade, Inc.*,
2019 WL 617791 (S.D. Iowa Feb. 14, 2019) ....................................................................13

*Van Horn v. Trickey*,
840 F.2d 604 (8th Cir. 1988)). .......................................................................................9, 14

*Webb v. Exxon Mobil Corp.*,
856 F.3d 1150 (8th Cir. 2017). ............................................................................................9

*White v. National Football League*,
822 F. Supp. 1389 (D. Minn. 1993) ...................................................................................10

**STATUTES**

18 U.S.C. § 2710 ..................................................................................................................1

**RULES**

Fed. R. Civ. P. 23......................................................................................................................*passim*

## INTRODUCTION

Plaintiff Kyle Feldman moves the Court for final approval of the Class Settlement reached in this action and preliminarily approved by the Court on February 5, 2024. (ECF No. 64). Plaintiff brought this case as a class action alleging that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* ("VPPA") by installing and running the Facebook Tracking Pixel on its website. Plaintiff alleges Defendant caused its subscribers' personally identifiable information ("PII") – which, as defined by the VPPA, includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider – to be disclosed to Facebook. *See id.* § 2710(a)(3).

This Settlement[1] negotiated by Plaintiff and Proposed Class Counsel following a full day settlement conference with Magistrate Judge Leung represents an excellent result for the proposed Settlement Class. Pursuant to the Settlement Agreement, Defendant has agreed to establish a two million, nine hundred thousand dollar ($2,900,000.00 USD) non-reversionary cash Settlement Fund, from which the Settlement Administrator will pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. Settlement Class Members with an Approved Claim shall be entitled to a *pro rata*

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meaning as ascribed to them in the "Definitions" section of the Settlement Agreement.

portion of the Settlement Fund by electronic payment method approved by the Settlement Administrator or check. Additionally, within forty-five (45) days of the Preliminary Approval Order, Defendant was required to suspend operation of the Facebook Tracking Pixel on any pages on Defendant's Website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated, or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

Following the Court's grant of preliminary approval, notice was delivered to the Class in accordance with the Settlement Agreement's procedures. The class's reaction has been overwhelmingly positive, with thousands of claims received (though the claims period is ongoing), only two opt-out requests made, and no objections to date.  Plaintiff respectfully requests that the Court (1) grant final approval of the Settlement Agreement; (2) certify the settlement class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; and (3) find that the Notice protocol in this case satisfied Fed. R. Civ. P. 23(c)(2) and applicable due process requirements.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Background

Plaintiff alleges that Defendant is a "media publisher that developed, owns, and/or operates the Website, startribune.com, which receives millions of visits per year." (ECF No. 1, Class Action Complaint, ¶ 12). As alleged, Defendant's website, startribune.com, includes written articles and "a wide array of video content." *Id.* ¶ 13. Plaintiff further alleges that Defendant embedded the code for the Facebook Tracking Pixel on its website,

which "tracks the actions of Website visitors (subscribers), such as the page a visitor views and the content they view." *Id.* ¶ 22. Plaintiff alleges that when a visitor navigates to startribune.com, Defendant transmits this page and video viewing data to Facebook. *Id*. Plaintiff further alleges that Defendant sends this data to Facebook alongside the c_user cookie, which contains "a viewer's unencrypted [Facebook ID]." *Id.* ¶ 28. Ultimately, Plaintiff alleges that Defendant "knew that such data in combination identifies subscribers and the videos they watched." *Id.* ¶ 32. Defendant denies these allegations and admits no liability in this action or in conjunction with this Settlement.

### B.    Procedural History

Plaintiff filed his Complaint on July 7, 2022. (ECF No. 1). On October 13, 2022, Defendant filed a motion to dismiss Plaintiff's Complaint. (ECF No. 17). On November 18, 2022, Plaintiff filed his opposition to Defendant's motion to dismiss. (ECF No. 24). On December 12, 2022, Defendant filed its reply memorandum of law in support of its motion to dismiss. (ECF No. 26).

On March 7, 2023, this Court issued an Opinion and Order denying Defendant's motion to dismiss. (ECF No. 32). Defendant thereafter answered Plaintiff's Complaint on March 21, 2023, by denying the allegations generally and raising several affirmative defenses. (ECF No. 33). On May 9, 2023, the Court ordered a settlement conference, which took place on August 2, 2023. (ECF No. 40).

### C.    History of Settlement Discussions

The Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution. (ECF No. 58 ¶ 10). Those

discussions culminated in a day-long settlement conference conducted before Magistrate Judge Tony N. Leung of this Court on August 2, 2023. (*Id.*). In preparation for the settlement conference, and in order to competently assess their relative negotiating positions, the Parties exchanged information, including on issues such as the size and scope of the putative class, and certain facts related to the strength of Defendant's defenses. (*Id.* ¶ 11). During the settlement conference, following nearly ten hours of negotiation, the Parties reached agreement in principle on all material terms of a class action settlement, contingent on the material financial terms being paid by Defendant's insurer. On August 16, 2023, Defendant's insurer confirmed that it would pay the financial sums owed under the Settlement. (*Id.* ¶¶ 12, 13).

## II.   KEY TERMS OF THE SETTLEMENT

The key terms of the Settlement are as follows:

### A.   Class Definition

The Settlement Class is defined as:

> [A]ll persons who reside in the United States, and who, from July 7, 2020, to and through the Preliminary Approval date: (1) have or had a Facebook account; (2) also have or had a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access; and (3) who viewed videos on Defendant's Website.[2]

---

[2] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from

### B.   Monetary Relief In The Form Of A Non-Reversionary Common Fund

Pursuant to the Settlement, Defendant has agreed to establish a two million, nine hundred thousand dollar ($2,900,000.00 USD) non-reversionary cash Settlement Fund, from which the Settlement Administrator will pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. Settlement Agreement ¶ 1.32, Settlement Class Members with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by electronic payment method approved by the Settlement Administrator or via a check. *Id.* ¶ 2.1(a)-(b).

Any uncashed checks or electronic payments unable to be processed within 180 days of issuance shall be redistributed on a *pro rata* basis to the Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least ten dollars ($10.00 USD) in any such secondary distribution and if otherwise feasible. *Id.* ¶ 2.1(d). If such a secondary distribution would result in Settlement Class Members receiving less than ten dollars ($10.00 USD), or if a secondary distribution would be otherwise infeasible, any uncashed funds shall, subject to Court approval, revert to the Minnesota Justice and Democracy Centers (as established by the U.S. District Court for the District of Minnesota), a non-

---

the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

sectarian, not-for-profit organization, *or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court*. *Id.*

### C.  Prospective Relief

As part of the Settlement, within 45 days of the Preliminary Approval Order, Defendant was required to suspend operation of the Facebook Tracking Pixel on any pages on Defendant's Website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Minnesota, or a Minnesota state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.  *Id.* ¶ 2.2.

### D.  Release

In exchange for the relief described above, the obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.  *Id.* ¶ 3.1.  Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. *Id.* ¶ 3.2. Further, upon Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in,

or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participating in the Settlement as provided herein) against any Released Party based on the Released Claims. *Id.*

### E.   Notice And Administration Expenses

The Settlement Fund is to be used to pay the cost of Settlement Administration Expenses, which includes sending the Notice set forth in the Agreement and any other notice as required by the Court, as well as all costs of administering the Settlement. *Id.* ¶¶ 1.27, 1.32.

### F.   Incentive Award

In recognition for his efforts on behalf of the Settlement Class, Defendant agreed that Plaintiff may request, subject to Court approval, an incentive award of no more than $5,000 from the Settlement Fund. *Id.* ¶ 8.3. Plaintiff's request was made on April 8, 2024. (ECF No. 67 ¶ 16).

### G.   Attorneys' Fees And Expenses

As part of the Settlement, Defendant agreed that Class Counsel are entitled to seek reasonable attorneys' fees, costs, and expenses in an amount to be determined by the Court by petition. *Id.* ¶ 8.1.  Class Counsel agreed to limit its request to no more than one-third of the Settlement Fund. *Id.* On April 8, 2024, counsel moved the Court for attorneys' fees in the amount of $945,963 and reimbursement of litigation expenses in the amount of $20,703.07. (ECF No. 67 ¶ 16).

### H. Preliminary Approval

The Court preliminarily approved the Settlement on February 5, 2024, making a preliminary finding that the Settlement was fair, reasonable, and adequate. (ECF No. 64 at 2). In so doing, it conditionally certified (determined that it would likely be able to certify) the Settlement Class (*Id.* at 4) and found that the proposed Notice was the best notice practicable under the circumstances. (*Id.* at 6). It also appointed Kroll LLC as Settlement Administrator. (*Id.*). Following preliminary approval and as described above, Kroll then set about effectuating Notice and administering the Settlement. Notice was sent to 345,197 e-mail addresses for potential Settlement Class Members. (Declaration of Scott Fenwick ("Fenwick Decl.") (filed concurrently herewith) ¶ 9).  Though the Claims Deadline is more than two months away (July 5, 2024), more than 5,760 claims have been submitted. (*Id.* ¶¶ 12-13).  In contrast, the deadline to opt out or object is today, May 6, 2024. (*Id.* ¶ 15).   At present, two requests to opt-out have been received by the Settlement Administrator, and no objections have been filed. (*See Id.* ¶ 16). On balance, the Class's reaction is uncommonly positive.

## <u>LEGAL STANDARD</u>

Rule 23(e)(2) provides that "[i]f the proposal would bind class members, the court may approve it only after a hearing and *only after a finding that it is fair, reasonable, and adequate*" after considering specific factors. Fed. R. Civ. P. 23(e)(2) (emphasis added). To determine a settlement is fair, reasonable, and adequate, the rule directs courts to consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.* "The Eighth Circuit has set forth its own largely overlapping test to ascertain the fairness and adequacy of a proposed settlement," which directs the Court to consider "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Fath v. Am. Honda Motor Co.*, 2019 WL 6799796, *2 (D. Minn. Dec. 13, 2019) (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

Separately, to certify the Settlement Class the Court must consider whether the Rule 23(a) requirements will likely be satisfied, including "numerosity, commonality, typicality, and adequacy." *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1155 (8th Cir. 2017). "Once those requirements are satisfied, the proposed class must also fit within 'one of the three subsections of rule 23(b)." *Id.* (quoting *Ebert v. Gen. Mills, Inc*., 823 F.3d 472, 477 (8th Cir. 2016)). In pertinent part, Rule 23(b)(3) permits class certification to join plaintiffs whose "questions of law or fact common to class members predominate of any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

## ARGUMENT

### I.   THE COURT SHOULD APPROVE THE SETTLEMENT BECAUSE IT IS FAIR, REASONABLE, AND ADEQUATE.

"The policy in federal court of favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.,* No. 014CV00786ADMTNL, 2017 WL 2574005, at *2 (D. Minn. June 14, 2017) (quoting *White v. National Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993). Still, class action settlement requires court approval, which may be issued only "after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." *Cleveland v. Whirlpool Corp.*, No. 20-CV-1906 (WMW/KMM), 2021 WL 5937403, at *6 (D. Minn. Dec. 16, 2021); Fed. R. Civ. P. 23(e)(2); *see* Manual for Complex Litigation (Fourth) § 21.632 (2004). Here, each of the relevant factors supports approval of the settlement as being a fair, reasonable, and adequate resolution for Class Members.

#### A. The Class Representatives and Class Counsel Have Adequately Represented the Class.

In considering this requirement, it is appropriate to consider the conduct of the litigation, the overall result obtained and the reaction of the Class. *See, e.g., Kruger v. Lely N. Am., Inc.*, No. 020CV00629KMMDTS, 2023 WL 5665215, at *4 (D. Minn. Sept. 1, 2023) ("Class Representative[s] and Class Counsel have adequately represented the Settlement Class as evidenced throughout the course of this proceeding, including their achievement of outstanding relief for the Settlement Class that has received overwhelming support from them"). Plaintiff has vigorously and adequately represented his fellow Class

Members throughout the entirety of this class action. (ECF No. 58 ¶ 29). Plaintiff has spent a significant amount of time assisting his counsel, providing information regarding his *Star Tribune* subscription and Facebook account, providing relevant documents as required, and assisting with settlement negotiations. (*Id*). Similarly, Class Counsel has used its extensive experience in complex class action litigation to vigorously prosecute this action on behalf of Plaintiff and his fellow Class Members. (*Id.* ¶¶ 21-22). Since both the Class Representative and Class Counsel have vigorously represented the Class, this requirement is satisfied, supporting settlement approval.

### B. The Settlement Is Based On Arm's Length Negotiations Conducted After Extensive Investigation And The Exchange Of Ample Information.

The Court previously found that the Settlement Agreement is "the result of arm's-length negotiations between experienced class action attorneys." (ECF No. 62 at 2). For good reason. The Parties participated in a day-long settlement conference before Magistrate Judge Tony N. Leung of this Court on August 2, 2023. To competently assess their relative negotiating positions, the Parties exchanged information regarding the scope of the putative class and certain facts related to the strength of Defendant's defenses. Since the exchanged information was of similar scope to that which would have been provided in formal discovery, both Parties had adequate information to assess the strengths and weaknesses of the relative claims and defenses.

There is perhaps no better guarantor of arm's-length negotiations than having direct judicial involvement in the negotiations. Here, such negotiations occurred following an extensive pre-filing investigation, dispositive motion practice, and a pre-

11

conference information exchange. As a result, this factor counsels strongly and uniformly in favor of approval.

### C.  The Relief Provided for the Class Is Adequate.

Rule 23(e)(2)(C) instructs the Court to consider the following to determine whether the proposal provides adequate relief:

> (i)      the costs, risks, and delay of trial and appeal;
> (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and]
> (iii)    the terms of any proposed award of attorney's fees, including timing of payment

*See Fath*, 2019 WL 6799796, at *3. The Court previously found that "subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class…" and that it "provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal." (ECF No. 64 at 2).

In a case like this, the cost, risks, and delay of trial and appeal are significant. This case has already been pending for over a year, and as discussed above, has been vigorously contested since the outset. Further, Defendant denies all of the allegations made in this litigation. Absent approval of the Settlement, a significant risk of additional costs, judicial resources, and delay of trial and appeal would occur.

Next, the proposed method of distributing relief to the class is an effective means of distribution. Class Members were sent an email notifying them of the Settlement, which included an electronic link to the online claim form. (*See* Settlement Agreement ¶ 4.1; Fenwick Decl. ¶ 9). Class Members are also able to submit an online claim form by

visiting www.startribunevppasettlement.com, which is administered and maintained by the Settlement Administrator. Settlement Agreement ¶ 4.1. While the default option was to be paid by check, electronic payment options were also available to those Class Members who preferred them. (Fenwick Decl. at Ex. E).

As part of the Settlement, Class Counsel were permitted to move the Court for reasonable attorneys' fees, costs, and expenses, but not to exceed one-third of the Settlement. *Id.* ¶ 8.1. As outlined in Plaintiff's Motion for Attorney's Fees (ECF No. 67), the requested fees are reasonable and in line with awards in similar cases. The timing of the payment of the attorneys' fees is also reasonable, as it will be paid within ten (10) days of the Court's Final Judgment and not in any way that is prejudicial to the Class. Settlement Agreement ¶ 8.2.

In sum, consistent with the Court's prior observations, the Settlement Agreement provides for relief that is *at least* adequate in regard to the relevant factors.

### D. The Settlement Treats Class Members Equitably Relative to Each Other.

The Court also must determine that the Settlement Agreement treats Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D).[3] Here, all Class Members will receive the same monetary relief, as they will collect a *pro rata* share of the $2,900,000.00 Settlement Fund after deducting costs, expenses, attorneys' fees and any incentive award. There are no meaningful differences between Class Members that would justify departing

---

[3] "There is no requirement that all class members in a settlement be treated *equally*." *Fath,* 2019 WL 6799796, at *4; *see Swinton,* 2019 WL 617791, at *8.

from this approach in any administratively feasible way. This is particularly true given the uniformity of Class Members' potential statutory damages. Therefore, the Settlement treats all Class Members equitably relative to each other.

### E. The Settlement Should be Approved Based on the Eighth Circuit's Traditional Considerations.

The traditional Eighth Circuit factors, to the extent not subsumed by the amendments to Rule 23, further support approval. Here, the Court also considers "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Fath*, 2019 WL 6799796, at *2 (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)). While the potential liability in this case, given the magnitude of potential statutory damages, poses an existential threat to Defendant, this settlement does not rely on Defendant's financial condition as justification. The remaining factors are addressed in turn.

The reaction of the Class strongly supports approval. No objections have been received, only two requests for exclusion were made, and thousands of claims have been submitted despite the fact that months remain in the claim period. This is an enormously positive response, a further indication of the Settlement's fairness. *See, e.g., Landrum v. Meadows Credit Union*, No. 08-441-CV-W-DW, 2012 WL 12957387, at *4 (W.D. Mo. Mar. 16, 2012) ("No member of the Class has objected to any aspect of the settlement and only two (2) Class Members… [out] of 622 Class Members… have timely opted out or

excluded themselves from the Class. The reaction of the Class to the Settlement has been favorable to say the least.").

The strength of the Settlement also weighs heavily in favor of approval, as the Class Members will receive comparatively favorable settlement terms when compared to recent VPPA settlements. *See, e.g., Ambrose v. Boston Globe Media Partners LLC*, No. 1:22-cv-10195-RGS (D. Mass. 2022) (approving settlement in VPPA case that provided a $4 million settlement fund for over 500,000 potential class members); *Beltran et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*, No: 1:22-cv-04858 (N.D. Ill. 2022) (approving settlement in VPPA case that provided a $16 million settlement fund for 19 million potential class members). Before the last couple of years, it was observed that "[s]ettlements under the VPPA typically achieve *cy pres*-only relief worth a few dollars or less per class member." *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1089 (N.D. Ill. 2021) (collecting cases).

Finally, the complex nature of this class action greatly favors finding the Settlement to be fair, reasonable, and adequate. Class actions, particularly those in the data privacy space, are inherently complex, and are generally slow and expensive to litigate. Absent the approval of the Settlement, the litigation would likely continue for a significant period, unnecessarily increasing costs and consuming judicial resources. Therefore, the Settlement should be found to be fair, reasonable, and adequate under the traditional Eighth Circuit considerations, and should accordingly be preliminarily approved.

## II.   THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS

Plaintiff extensively briefed the reasons that class certification is appropriate in support of his Motion for Preliminary Approval and relies on the same argument and authority here. (*See* ECF No. 57 at 16-24). The Court's Order Granting Preliminary Approval contained a preliminary finding that:

> the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e.g., whether Defendant unlawfully disclosed to third parties Plaintiff's and the Settlement Class's PII without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and whether Plaintiff and the Settlement Class members are entitled to uniform statutory damages under the VPPA); the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

(ECF No. 64 at 5). Plaintiff submits that nothing has changed since the time of that Order such that this finding should be rendered final, particularly in light of the Class's overwhelmingly positive reaction (which further supports the Court's preliminary "superiority" determination).

## III. THE CLASS NOTICE SATISFIED RULE 23(C)(2) AND DUE PROCESS.

The Court previously found that the Notice proposed by the parties constituted the best notice practicable under the circumstances. (ECF No. 64 at 6). Courts considering final approval typically confirm whether the notice was effectuated as proposed. *See Kruger v. Lely N. Am., Inc.,* No. 020CV00629KMMDTS, 2023 WL 5665215, at *4 (D. Minn. Sept.

1, 2023) ("The Court confirms the Class Notice was implemented in accordance with the Court's January 4, 2023 order"). Here, the Settlement Administrator effected the Notice protocol as set out in the Declaration of Scott Fenwick of Kroll LLC. (Fenwick Decl. ¶¶4-11). The Court should therefore find that the Notice was effectuated in accordance with the Court's Order Granting Preliminary Approval.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Final Approval of the Settlement. A Proposed Order is submitted concurrently herewith.

Dated:  May 6, 2024

Respectfully submitted,

s/_____Nicholas A. Coulson_____
Steven D. Liddle*
Nicholas A. Coulson*
*Pro hac vice
**LIDDLE SHEETS COULSON P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207-3101
T: (313) 392-0015
E: sliddle@lsccounsel.com
E: ncoulson@lsccounsel.com

Nathaniel J. Weimer
**TEWKSBURY & KERFELD, P.A.**
99 South Tenth Street, Suite 300
Minneapolis, MN 55403
T: (612) 334-3399
F: (612) 334-5787
E: nweimer@tkz.com

*Attorneys for Plaintiff and the Putative Class*