# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kyle Feldman, *on behalf of himself and all others similarly situated,*<br><br>              Plaintiff,<br><br>v.<br><br><br>Star Tribune Media Company LLC,<br><br>              Defendant. | CASE NO.: 0:22-cv-01731-ECT-TNL<br><br><br>**CLASS ACTION**<br><br>**DECLARATION OF SCOTT M. FENWICK OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT**<br><br>Date: May 20, 2024<br>Time: 9:00 AM<br>Dept: Courtroom 7D<br><br>The Hon. Eric C. Tostrud |

I, Scott M. Fenwick, declare as follows:

## INTRODUCTION

1.      I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator[2] appointed in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the settlement.

2.      Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, labor and employment, consumer, and government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

## BACKGROUND

3.      Kroll was appointed as the Settlement Administrator to provide notification and claims administration services in connection with that certain Class Action Settlement Agreement (the "Settlement Agreement") entered into in this Action. Kroll's duties in connection with the settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) establishing a post office box for the receipt of mail; (c) establishing a toll-free telephone number; (d) creating a Settlement Website with online claim filing capabilities; (e) receiving and analyzing the Class List from Defendant's Counsel; (f) preparing and sending email Notice; (g) receiving and processing Claim Forms; (h) receiving and processing requests to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement as defined below.

[2] The Settlement Agreement and Preliminary Approval Order appoint "Kroll LLC" as the Settlement Administrator.  Kroll, LLC is the parent company of Kroll Settlement Administration LLC. Kroll Settlement Administration LLC is the actual Settlement Administrator in this case.

be excluded; and (i) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

### The CAFA Mailing

4.      As noted above, on behalf of the Defendant, Kroll provided notice of the proposed settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice"). At Defendant's Counsel's direction, on January 23, 2024, Kroll sent the CAFA Notice, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail, to (a) the Attorney General of the United States, (b) the fifty-five (55) state and territorial Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**, and (c) via email to the Nevada Attorney General, pursuant to that office's standing request that all CAFA Notices be delivered by email. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the required documents relating to the settlement listed in the CAFA Notice.

### Data and Case Setup

5.      On January 19, 2024, Kroll designated a post office box with the mailing address *Feldman v. Star Tribune Media Company LLC,* c/o Kroll Settlement Administration LLC, PO Box 5324, New York, NY 10150-5324, in order to receive requests for exclusion, Claim Forms, and correspondence from Settlement Class Members.

6.      On January 19, 2024, Kroll established a toll-free telephone number, (833) 462-3508, for Settlement Class Members to call and obtain additional information regarding the settlement through an Interactive Voice Response ("IVR") system and/or by being connected to a live operator.  As of May 5, 2024, the IVR system has received 157 calls, and seventy-one (71) callers have been connected to live operators.

7.      On January 24, 2024, Kroll created a dedicated Settlement Website entitled www.startribunevppasettlement.com.  The Settlement Website "went live" on February 19, 2024, and contains a summary of the settlement, answers to frequently asked questions, a copy of the

Preliminary Approval Order, the Settlement Agreement, the website Notice, the Claim Form, important dates and deadlines, including the Claims Deadline, the Objection/Exclusion Deadline, the Final Approval Hearing date, and provides Settlement Class Members an opportunity to file a Claim Form online.

8.      On February 12, 2024, Kroll received one (1) data file from the Defendant.  The data file contained 346,089 records including first name, last name, and login e-mail for potential Settlement Class Members. Kroll undertook several steps to reconcile the list and compile the eventual Class List for the emailing of Notices. Kroll determined that 892 records from the Class List were not part of the Settlement Class due to their login e-mail containing startribune.com, or their login e-mail was identified belonging to Class Counsel or Defendant's Counsel. The removal of these records, at the direction of Defendant's Counsel, resulted in a total of 345,197 Settlement Class Members in the Class List.

**The Notice Program**

9.      On April 5, 2024, Kroll caused the email Notice to be sent to the 345,197 email addresses on file for Settlement Class Members as noted above. A true and correct copy of a complete exemplar email Notice (including the subject line), along with the website Notice and Claim Form, are attached hereto as **Exhibits C, D and E**, respectively.  Of the 345,197 emails attempted for delivery, 76,614 emails were rejected/bounced back as undeliverable.

10.     Pursuant to section 4.1(c) of the Settlement Agreement, Kroll will cause reminder email Notices to be sent on June 5, 2024, and June 28, 2024, to all Settlement Class Members for whom no Claim Form or request for exclusion is received and who did not unsubscribe to future settlement related emails.

**NOTICE PROGRAM REACH**

11.     Based on the foregoing, following the email Notice, Kroll has reason to believe that email Notices likely reached 268,583 of the 345,197 persons to whom email Notices were sent, which equates to a reach rate of the direct email mail notice of approximately 78%. This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial

Center Guidelines, which state that a notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4]

## CLAIM ACTIVITY

12.     The Claims Deadline is July 5, 2024.

13.     As of May 5, 2024, Kroll has received 121 Claim Forms through the mail and 5,652 Claim Forms filed electronically through the Settlement Website.  Kroll is still in the process of reviewing and validating Claim Forms.

14.     To prevent Claim Forms from being filed by individuals outside the Settlement Class and to curtail fraud, Settlement Class Members were provided a unique "Class Member ID" on their respective Notices. The Class Member ID is required for Settlement Class Members to file a Claim Form online.

## EXCLUSIONS AND OBJECTIONS

15.     The Objection/Exclusion Deadline is May 6, 2024.

16.     Kroll has received two (2) timely requests for exclusion.  A list of the exclusions received is attached hereto as **Exhibit F**.  Settlement Class Members were not instructed to submit their objection to the Settlement Administrator, and none have been received by Kroll.

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on May 6, 2024, in Inver Grove Heights, Minnesota.

_____

SCOTT M. FENWICK

---

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation:  A Pocket Guide for Judges, at 27 (3d Ed. 2010).

# Exhibit A



VIA U.S. MAIL

Date:    January 23, 2024

To:    All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
       (*see attached service list*)

    Re:    CAFA Notice for the proposed Settlement in *Kyle Feldman v. Star Tribune Media Company LLC*, 0:22-cv-1731-ECT-TNL, pending in the United States District Court for the District of Minnesota


    Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant Star Tribune Media Company LLC ("Defendant" or "Star Tribune") hereby notifies you of the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court for the District of Minnesota (the "Court").

    Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFANotice.com under the folder entitled *Kyle Feldman v. Star Tribune Media Company LLC*:

    1.    28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the complaint and any amended complaints.

          The Class Action Complaint is available as **Exhibit A**.

    2.    28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class action.

          On December 22, 2023, Plaintiff filed a motion for preliminary approval of the class action settlement, and the date of the preliminary approval hearing has been set for February 5, 2024. The Court has not yet scheduled the Final Approval Hearing for this matter. The proposed Preliminary Approval Order is available as **Exhibit B**.

    3.    28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members.

          Copies of the proposed Notices and Claim Form will be provided to Settlement Class Members and will be available on the Settlement Website created for the administration of this matter. These are available as **Exhibits C**, **D**, and **E**, respectively. The Notices describe, among other things, the Claim submission

process and the Settlement Class Members' rights to object or exclude themselves from the Settlement Class.

4.  <u>28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement</u>.

    The Class Action Settlement Agreement is available as **Exhibit F**.

5.  <u>28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants</u>.

    There are no other settlements or other agreements between Class Counsel and Defendant's Counsel beyond what is set forth in the Settlement Agreement.

6.  <u>28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal</u>.

    The Court has not yet entered a Final Judgment or notice of dismissal. A copy of the proposed Final Approval Order and Entry of Judgment is available as **Exhibit G**.

7.  <u>28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement</u>.

    The definition of the Settlement Class in the proposed Settlement Agreement means all persons who reside in the United States and who, from July 7, 2020, to and through the Preliminary Approval date: (1) have or had a Facebook account; (2) also have or had a digital subscription to the Star Tribune, or a home delivery subscription to the Star Tribune that includes digital access; and (3) who viewed videos on Defendant's Website.

    The complete list and counts by state of Class Members is not known.

8.  <u>28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6)</u>.

    There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled *Kyle Feldman v. Star Tribune Media Company LLC*, please contact the undersigned below.

Respectfully submitted,

Christine Pullian
Senior Manager
christine.pullian@kroll.com

# Exhibit B

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
Territory of American Samoa
Pago Pago, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
Ashley Moody
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russell Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Jeff Landry
P.O. Box 94095
Baton Rouge, LA 70804

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Andrea Campbell
1 Ashburton Place
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
75 Dr. Martin Luther King, Jr. Blvd.
Suite 102, State Capital
St. Paul, MN 55155

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
100 N. Carson St.
Old Supreme Ct. Bldg.
Carson City, NV 89701
*NVAGCAFAnotices@ag.nv.gov

**New Hampshire Attorney General**
John Formella
33 Capitol St.
Concord, NH 03301

*Preferred

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508
Santa Fe, NM 87504

**New York Attorney General**
Letitia A. James
Department of Law
The Capitol, 2nd Floor
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
Department of Justice
P.O. Box 629
Raleigh, NC 27602

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Michelle A. Henry
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Domingo Emanuelli Hernandez
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
425 5th Avenue North
Nashville, TN 37243

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Ariel M. Smith
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Sean Reyes
State Capitol, Rm. 236
Salt Lake City, UT 84114

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
Patrick Morrisey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
State Capitol Bldg.
109 State Capitol
Cheyenne, WY 82002

Exhibit C

█████████████

| | |
|---|---|
| **From:** | Kroll Settlement Administration LLC <feldmanstartribunesettlement@e.emailksa.com> |
| **Sent:** | Friday, April 5, 2024 10:55 AM |
| **To:** | ████████████████ |
| **Subject:** | [EXTERNAL] Notice of Kyle Feldman v. Star Tribune Media Company LLC Settlement |

Class Member ID: ████████████

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Kyle Feldman v. Star Tribune Media Company LLC*, Case No. 0:22-cv-01731-ECT-TNL
**(United States District Court for the District of Minnesota)**

**Our Records Indicate You Have Subscribed to the *Star Tribune* and May Be Entitled to a Payment From a Class Action Settlement.**

***A Court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.***

This Notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, Star Tribune Media Company LLC, disclosed its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a Person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Settlement Class Member?** Our records indicate you may be a Settlement Class Member. Settlement Class Members are all Persons in the United States who, from July 7, 2020, to and through **February 5, 2024**, (1) have or had a Facebook account, (2) have or had a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access, and (3) who viewed videos on *Star Tribune*'s website.

**What Can I Get?** If approved by the Court, Defendant will establish a Settlement Fund of $2,900,000 to pay all Approved Claims submitted by the Settlement Class, together with Settlement Administration Expenses, attorneys' Fee Award, and an incentive award for Class Representative. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund. The settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Minnesota, or a Minnesota state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than July 5, 2024.** You can file a claim by clicking **www.startribunevppasettlement.com.** Your payment will come by check unless you submit a claim online and elect to receive payment electronically.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator postmarked no later than **May 6, 2024**. If you exclude yourself,

you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the Action. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed with the Court and postmarked no later than **May 6, 2024**. Specific instructions about how to object to, or exclude yourself from, the settlement are available at **www.startribunevppasettlement.com**. If you file a claim or do nothing, and the Court approves the settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information to Facebook in this case against the Defendant will be released.

If the settlement becomes Final, you will give up your right to sue Defendant for the claims this settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.25 of the Settlement Agreement. Unless you exclude yourself, you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "Documents" link on the website.

**Who Represents Me?** The Court has appointed lawyers Nicholas A. Coulson and Steven D. Liddle of Liddle Sheets Coulson P.C. and Nathaniel J. Weimer of Tewksbury & Kerfield to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers; they will be paid from the settlement. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **9:00 a.m.** on **May 20, 2024,** in Courtroom 7D at the United States District Courthouse, 316 Robert Street, Saint Paul, MN 55101. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for Fee Award; and decide whether to award the Class Representative $5,000 from the Settlement Fund for his service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to **www.startribunevppasettlement.com,** contact the Settlement Administrator at **(833) 462-3508** or Feldman v. Star Tribune Media Company LLC, c/o Kroll Settlement Administration **PO Box 5324, New York, NY 10150-5324**, or call Class Counsel at 1-313-392-0015.

---

Click here to unsubscribe.

# Exhibit D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

*Kyle Feldman v. Star Tribune Media Company LLC*, Case No. 0:22-cv-01731-ECT-TNL
**Our Records Indicate You Have Subscribed to the *Star Tribune* and May Be Entitled to a Payment From a Class Action Settlement.**

**A Court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.**

- A settlement has been reached in a class action lawsuit against Star Tribune Media Company LLC ("Defendant"). The class action lawsuit is called *Kyle Feldman v. Star Tribune Media Company LLC,* Case No. 0:22-cv-01731-ECT-TNL, pending in the United States District Court for the District of Minnesota (the "Action"). The Action accuses Star Tribune Media Company LLC of disclosing its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a Person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a Person in the United States who, from July 7, 2020, to and through February 5, 2024, (1) have or had a Facebook account, (2) have or had a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access, and (3) who viewed videos on *Star Tribune*'s website.

- Persons included in the settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund. The settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on its website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Minnesota, or a Minnesota state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

· Read this Notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JULY 5, 2024** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY MAY 6, 2024** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY MAY 6, 2024** | Write to the Court explaining why you don't like the settlement. |
| **GO TO THE HEARING ON MAY 20, 2024** | Ask to speak in Court about your opinion of the settlement. |
| **DO NOTHING** | You won't get a share of the settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

| 1. Why was this Notice issued? |
|---|

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the settlement. This Notice explains the lawsuit, the settlement, and your legal rights.

The Honorable Eric C. Tostrud, of the U.S. District Court for the District of Minnesota, is overseeing this case. The case is called *Kyle Feldman v. Star Tribune Media Company LLC*, Case No. 0:22-cv-01731-ECT-TNL. The person who has sued is called the Plaintiff. The Defendant is Star Tribune Media Company LLC.

| 2. What is a class action? |
|---|

In a class action, one or more people called the Class Representative (in this case, Kyle Feldman) sue on behalf of a group or a "Settlement Class" of people who have similar claims. In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 3. What is this Action about? |
|---|

This Action claims that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA") by disclosing its subscribers' personally identifiable information ("PII") to Facebook via the Facebook Tracking Pixel without consent. The VPPA defines PII to include information which identifies a Person as having requested or obtained specific video materials or services from a video tape service provider. The Defendant denies that it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

| 4. Why is there a settlement? |
|---|

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am in the Settlement Class? |
|---|

The **Settlement Class** is defined as:

All Persons in the United States who, from July 7, 2020, to and through February 5, 2024, (1) have or had a Facebook account; (2) also have or had a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access; and (3) who viewed videos on Star Tribune's website.

### THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
| --- |

**Monetary Relief:** Defendant has created a Settlement Fund totaling $2,900,000. Settlement Class Member payments, and the Settlement Administration Expenses, attorneys' Fee Award, and an incentive award to the Class Representative will also come out of this fund (*see* Question 13).

**Prospective Changes:** In addition to this monetary relief, the settlement also requires Defendant to suspend operation of the Facebook Tracking Pixel on any pages on Defendant's Website that both include video content and have a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in Minnesota, or a Minnesota state court of general jurisdiction), or until Defendant obtains VPPA-compliant consent for the disclosure of the video content viewed to Facebook.

A detailed description of the settlement benefits can be found in the Settlement Agreement at **www.startribunevppasettlement.com.**

| 7. How much will my payment be? |
| --- |

If you are Settlement Class Member you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Settlement Class Members file Approved Claims. Each Settlement Class Member who files an Approved Claim will receive a proportionate share of the Settlement Fund. You can contact Class Counsel at 1-313-392-0015 to inquire as to the number of claims filed.

| 8. When will I get my payment? |
| --- |

The Final Approval Hearing to consider the fairness of the settlement is scheduled for **May 20, 2024**. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will receive their payment 90 days after the settlement has been finally approved and/or any appeals process is complete. The payment will be made in the form of a check, unless you elect to receive payment by electronic transfer, and all checks will expire and become void 180 days after they are issued.

### HOW TO GET BENEFITS

| 9. How do I get a payment? |
| --- |

If you are a Settlement Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **July 5, 2024**. Claim Forms can be found and submitted by clicking **here**, or by printing and mailing a paper Claim Form, copies of which are available for download at **www.startribunevppasettlement.com**.

We also encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

| 10.   What am I giving up if I stay in the Settlement Class? |
|---|

If the settlement becomes Final, you will give up your right to sue Defendant for the claims this settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates described in Section 3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

| 11.   What happens if I do nothing at all? |
|---|

If you do nothing, you won't get any benefits from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this settlement.

## THE LAWYERS REPRESENTING YOU

| 12.   Do I have a lawyer in the case? |
|---|

The Court has appointed Nicholas A. Coulson and Steven D. Liddle of Liddle Sheets Coulson P.C. and Nathaniel J. Weimer of Tewksbury & Kerfield, P.A. to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

| 13.   How will the lawyers be paid? |
|---|

Class Counsel's Fee Award will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund for these items, subject to Court approval.

As approved by the Court, the Class Representative will be paid an incentive award from the Settlement Fund for helping to bring and settle the case. The Class Representative will seek no more than $5,000 as an incentive award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14.   How do I get out of the settlement? |
|---|

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Kyle Feldman v. Star Tribune Media Company*

*LLC*, Case No. 0:22-cv-01731-ECT-TNL, settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request postmarked no later than **May 6, 2024** to:

**Feldman v. Star Tribune Media Company LLC**
**c/o Kroll Settlement Administration**
**PO Box 5324**
**New York, NY 10150-5324**

| **15. If I don't exclude myself, can I sue the Defendant for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this settlement.

| **16. If I exclude myself, can I get anything from this settlement?** |
| --- |

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

**OBJECTING TO THE SETTLEMENT**

| **17. How do I object to the settlement?** |
| --- |

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the settlement in *Kyle Feldman v. Star Tribune Media Company LLC*, Case No. 0:22-cv-01731-ECT-TNL, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name; an explanation of the basis upon which you claim to be a Settlement Class Member, including an attestation under penalty of perjury that you (1) have or had a Facebook account; (2) also have or had a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access; and (3) viewed videos on the *Star Tribune*'s website; the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection; and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' Fee Award by **April 22, 2024.**

If you want to appear and speak at the Final Approval Hearing to object to the settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to the following places postmarked no later than **May 6, 2024.**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon Eric C. Tostrud<br>U.S. District Courthouse<br>316 Robert Street,<br>St. Paul, MN 55101 | Nicholas A. Coulson<br>Liddle Sheets Coulson PC<br>975 E. Jefferson Avenue<br>Detroit, MI 48207 | Jeffrey P. Justman<br>Faegre Drinker Biddle &   Reath LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

### 18.   What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

### 19.   When and where will the Court decide whether to approve the settlement?

The Court will hold the Final Approval Hearing at **9:00 a.m.** on **May 20, 2024** in Courtroom 7D at the United States District Courthouse, 316 Robert Street, Saint Paul, MN 55101.

The purpose of the hearing will be for the Court to determine whether to approve the settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for a Fee Award; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.startribunevppasettlement.com or call 1-313-392-0015. If, however, you timely objected to the settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20.   Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

| 21. May I speak at the hearing? |
| --- |

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Kyle Feldman v. Star Tribune Media Company LLC*, Case No. 0:22-cv-01731-ECT-TNL." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **May 6, 2024**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

| 22. Where do I get more information? |
| --- |

This Notice summarizes the settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.startribunevppasettlement.com. You may also write with questions to Feldman v. Star Tribune Media Company LLC, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324. You can call the Settlement Administrator at (833) 462-3508 or Class Counsel at 1-313-392-0015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

Exhibit E

## Kyle Feldman v. Star Tribune Media Company LLC
United States District Court for the District of Minnesota
Case No. 0:22-cv-01731-ECT-TNL

### Settlement Claim Form

---

**If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before July 5, 2024, or submitted online on or before July 5, 2024.**

---

Please read the full Notice of this settlement (available at www.startribunevppasettlement.com) carefully before filling out this Claim Form.

To qualify for a payment, you must have, between July 7, 2020, and February 5, 2024, (1) have or had a Facebook account, (2) have or had a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access, and (3) viewed videos on *Star Tribune*'s website.

You may be entitled to receive a payment.

The payment will be sent in the form of a check. If you would like to elect to receive your settlement payment through electronic transfer, please visit the website and file your Claim Form online. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

**ONLINE:**  Submit this Claim Form at www.startribunevppasettlement.com

**MAIL:**  **Feldman v. Star Tribune Media Company LLC**
**c/o Kroll Settlement Administration**
**PO Box 5324**
**New York, NY 10150-5324**

QUESTIONS? CALL (833) 462-3508 TOLL FREE, OR VISIT WWW.STARTRIBUNEVPPASETTLEMENT.COM






8 3 0 0 8 0 0 0 0 0 0 0 0

## PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

_____ __ _____
First Name                                               MI     Last Name

_____
Address 1

_____
Address 2

_____ ____ ____ ____ ____ ____ ____ ____
City                                                                        State                   Zip Code

Class Member ID: **8 3 0 0 8** ____ ____ ____ ____ ____ ____ ____ ____

_____@_____
E-mail Address

## PART TWO: ATTESTATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that between July 7, 2020, through February 5, 2024, I had either a digital subscription to the *Star Tribune*, or a home delivery subscription to the *Star Tribune* that includes digital access, and that I viewed a video on the *Star Tribune* site. I also declare under penalty of perjury that between July 7, 2020, through February 5, 2024, I had a Facebook account. I further attest that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review.

Signature: _____ Date: ___ ___ / ___ ___ / ___ ___ ___ ___

### Please keep a copy of your Claim Form for your records

QUESTIONS? CALL (833) 462-3508 TOLL FREE, OR VISIT WWW.STARTRIBUNEVPPASETTLEMENT.COM





Exhibit F

# Exclusion List

| Count | Record Identification Number |
|-------|------------------------------|
| 1     | 830081WJD78SS                |
| 2     | 8300858BXJJVF                |